# United States Court of Appeals

### *for the*

# Federal Circuit

———————————————

APPLE INC.,

*Plaintiff-Appellee,*

NOKIA CORP.,

*Movant-Appellee,*

– v. –

SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLC
n/k/a Samsung Electronics America, Inc.,

*Defendants-Appellants.*

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA IN CASE NO. 5:11-CV-01846-LHK
JUDGE LUCY H. KOH

## NON-CONFIDENTIAL BRIEF FOR
## DEFENDANTS-APPELLANTS

VICTORIA F. MAROULIS
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
(650) 801-5000

KATHLEEN M. SULLIVAN
WILLIAM B. ADAMS
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

MICHAEL T. ZELLER
ROBERT J. BECHER
B. DYLAN PROCTOR
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000

*Attorneys for Defendants-Appellants*

## <u>CERTIFICATE OF INTEREST</u>

Counsel for Defendants-Appellants certifies the following:

**1.     The full name of every party or amicus represented by me is:**

Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.  Effective January 1, 2015, Samsung Telecommunications America, LLC ("STA") merged with and into Samsung Electronics America, Inc., and therefore STA no longer exists as a separate corporate entity.

**2.     The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:**

N/A

**3.     All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:**

Samsung Electronics America, Inc. ("SEA") is a wholly-owned subsidiary of Samsung Electronics Co., Ltd. ("SEC"), a publicly held corporation organized under the laws of the Republic of Korea.  SEC is not owned by any parent corporation and no other publicly held corporation owns 10% or more of its stock. No other publicly held corporation owns 10% or more of SEA's stock.

**4.     The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or are expected to appear in this court are:**

Quinn Emanuel Urquhart & Sullivan, LLP:  Anne E. Abramowitz; William B. Adams; Anthony P. Alden; Carl G. Anderson; Brett J. Arnold; Katharine F. Barach; Robert J. Becher; Albert P. Bedecarre; Heather E. Belville; Kara M. Borden; Todd M. Briggs; Margret M. Caruso; Jon C. Cederberg; Melissa N. Chan; Prashanth Chennakesavan, Kenneth R. Chiate; Edward J. DeFranco; Susan R. Estrich; Michael L. Fazio; Ryan S. Goldstein; John S. Gordon; Diane Hutnyan; Kevin P.B. Johnson; Rachel H. Kassabian; Scott B. Kidman; Brian E. Mack; Victoria F. Maroulis; Joseph B. Martin; Joseph Milowic; Melissa Chan O'Sullivan; Thomas D. Pease; John M. Pierce; William C. Price; B. Dylan Proctor; John B. Quinn; Carey R. Ramos; Kevin A. Smith; Christopher E. Stretch; Robert W. Stone; Kathleen M. Sullivan; Bill Trac; Mark Tung; Charles K. Verhoeven; Curran M. Walker; Scott L. Watson; Thomas R. Watson; Alan L. Whitehurst; Robert Wilson; Michael T. Zeller

Colt / Singer / Bea LLP:  Benjamin L. Singer

Crone Hawxhurst LLP:  Daryl M. Crone

DLA Piper US LLP:  Thomas G. Pasternak

Hopenfeld Singer Rice & Saito:  James E. Hopenfeld; Edward H. Rice; Marina N. Saito

Sheppard Mullin Richter & Hampton LLP :  Gary L. Halling; Mona Solouki

Steptoe & Johnson LLP:   John M. Caracappa; Paul A. Gennari; Michael R. Heimbold; Huan-Yi Lin; Kfir B. Levy; Dylan Ruga


Dated:  October 21, 2015                Respectfully submitted,

                                        By: /s/ Kathleen M. Sullivan
                                        Kathleen M. Sullivan
                                        QUINN EMANUEL URQUHART
                                          & SULLIVAN, LLP
                                        51 Madison Avenue, 22nd Floor
                                        New York, NY 10010
                                        Telephone: (212) 849-7000
                                        Facsimile: (212) 849-7100
                                        kathleensullivan@quinnemanuel.com

                                        *Attorney for Defendants-Appellants*

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTEREST ............................................................... i

CONFIDENTIAL MATERIAL OMITTED ............................................. vi

TABLE OF AUTHORITIES ................................................................ vii

STATEMENT OF RELATED CASES ................................................... xii

PRELIMINARY STATEMENT ............................................................. 1

JURISDICTIONAL STATEMENT ........................................................ 2

STATEMENT OF THE ISSUES ........................................................... 2

STATEMENT OF THE CASE .............................................................. 3

    A.    Apple's And Nokia's Allegations Of Protective Order
        Violations ........................................................................ 3

    B.    The Magistrate Judge's Orders Requiring Samsung To
        Substantiate Its Claims Of Privilege ..................................... 6

    C.    The Magistrate Judge's Order Finding A Limited Privilege
        Waiver, And The District Court's Remand For Further
        Proceedings ...................................................................... 9

    D.    The Magistrate Judge's Order That Samsung Waived Privilege
        Over More Than 300 Documents ........................................ 11

    E.    The District Court's Order Denying Relief From The
        Magistrate Judge's Broad Waiver Ruling ............................. 13

SUMMARY OF ARGUMENT ............................................................ 16

STANDARD OF REVIEW ................................................................. 18

ARGUMENT ................................................................................... 19

I.  THE DISTRICT COURT ERRED IN RULING THAT SAMSUNG WAIVED ITS ATTORNEY-CLIENT PRIVILEGE AS TO MORE THAN 300 DOCUMENTS ............................................................19

   A.  The District Court Misapplied The Test For An Implied Waiver Of The Attorney-Client Privilege.........................................................19

       1.  Samsung Did Not Put Privileged Information At Issue Through Any Affirmative Act ................................................20

           (a)  Samsung Did Not Raise Any Affirmative Defenses To Apple's And Nokia's Allegations ............................20

           (b)  Samsung Did Not Rely On Any Privileged Communications ............................................................26

       2.  There Is No Vital Need To Pierce Samsung's Privilege ..........30

   B.  The District Court Wrongly Failed To Provide Samsung An Opportunity To Withdraw Arguments Found To Trigger Waiver .......................................................................33

   C.  The Disclosure Order Is In Any Event Overbroad .............................36

II. THE DISTRICT COURT ERRED BY NOT SEPARATELY ANALYZING WHETHER SAMSUNG WAIVED ATTORNEY WORK-PRODUCT PROTECTION .............................................................39

III. MANDAMUS RELIEF IS WARRANTED IN THE EVENT THIS COURT LACKS APPELLATE JURISDICTION .......................................42

CONCLUSION ....................................................................................44

ADDENDUM

PROOF OF SERVICE

CERTIFICATE OF COMPLIANCE

## **CONFIDENTIAL MATERIAL OMITTED**

The materials omitted from pages 6 and 32 describe or relate to confidential licensing negotiations.   The materials omitted from pages 3-4, 14, and 23-25 contain information regarding licensing negotiations that has been designated confidential by other parties.   The materials omitted from page 28 contain statements from a hearing transcript labeled confidential.

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*1st Sec. Bank of Wash. v. Eriksen*,
   2007 WL 188881 (W.D. Wash. Jan. 22, 2007) ..................................................31

*Armstrong v. Schwarzenegger*,
   622 F.3d 1058 (9th Cir. 2010) ..............................................................................2

*Bittaker v. Woodford*,
   331 F.3d 715 (9th Cir 2003) (en banc) ......................................33, 35, 36, 37, 41

*Chase Manhattan Bank N.A. v. Drysdale Sec. Corp.*,
   587 F. Supp. 57 (S.D.N.Y. 1984) .......................................................................22

*Chen-Oster v. Goldman, Sachs & Co.*,
   293 F.R.D. 547 (S.D.N.Y. 2013) .......................................................................21

*Cheney v. U.S. Dist. Ct.*,
   542 U.S. 367 (2004)............................................................................................42

*Claffey v. River Oaks Hyundai*,
   486 F. Supp. 2d 776 (N.D. Ill. 2007)..................................................................22

*Clarke v. American Commerce Nat'l Bank*,
   974 F.2d 127 (9th Cir. 1992) ..............................................................................20

*In re Cuozzo Speed Techs., LLC*,
   793 F.3d 1268 (Fed. Cir. 2015) ..........................................................................42

*In re EchoStar Comm'cns Corp.*,
   448 F.3d 1294 (Fed. Cir. 2006) ..........................................................................43

*Fed. Sav. & Loan Ins. Corp. v. Ferm*,
   909 F.2d 372 (9th Cir. 1990) ..............................................................................29

*Flintco, Inc. v. United States*,
   2012 WL 3276158 (Fed. Cl. Aug. 10, 2012)......................................................23

*Fort James Corp. v. Solo Cup Co.*,
   412 F.3d 1340 (Fed. Cir. 2005) ..........................................................................19

*Frontier Ref. Inc. v. Gorman-Rupp Co.*,
  136 F.3d 695 (10th Cir. 1998) ............................................................31

*GTNX, Inc. v. INTTRA, Inc.*,
  789 F.3d 1309 (Fed. Cir. 2015) .........................................................42

*Genentech, Inc. v. Insmed, Inc.*,
  236 F.R.D. 466 (N.D. Cal. 2006)........................................................23

*In re Grand Jury Proceedings*,
  219 F.3d 175 (2d Cir. 2000) ...............................................................31

*Great American Assurance Co. v. Liberty Surplus Insurance Corp.*,
  669 F. Supp. 2d 1084 (N.D. Cal. 2009) ..............................................41

*Greater Newburyport Clamshell Alliance v. Pub. Serv. Co.*,
  838 F.2d 13 (1st Cir. 1988)................................................................36

*Handgards, Inc. v. Johnson & Johnson*,
  413 F. Supp. 926 (N.D. Cal. 1976)...............................................40, 41

*Hearn v. Rhay*,
  68 F.R.D. 574 (E.D. Wash. 1975) ......................................................21

*Holland v. Island Creek Corp.*,
  885 F. Supp. 4 (D.D.C. 1995)............................................................27

*Holmgren v. State Farm Mut. Auto. Ins. Co.*,
  976 F.2d 573 (9th Cir. 1992) .............................................................41

*Home Indem. Co. v. Lane Powell Moss & Miller*,
  43 F.3d 1322 (9th Cir. 1995) .........................................19, 20, 22, 30

*In re Kellogg Brown & Root, Inc.*,
  796 F.3d 137 (D.C. Cir. 2015).....................................................40, 43

*Kerr v. U.S. Dist. Court*,
  426 U.S. 394 (1976)...........................................................................36

*Klein v. Demopulos*,
  2010 WL 4365840 (W.D. Wash. Oct. 27, 2010).................................34

*Koumoulis v. Indep. Fin. Mktg. Grp., Inc.*,
   295 F.R.D. 28 (E.D.N.Y. 2013) ..........................................................................34

*Landmark Screens, LLC v. Morgan, Lewis & Bockius LLP*,
   2009 WL 3415375 (N.D. Cal. Oct. 21, 2009) ....................................................40

*Laser Indus., Ltd. v. Reliant Techs., Inc.*,
   167 F.R.D. 417 (N.D. Cal. 1996)..........................................................................23

*Lorenz v. Valley Forge Ins. Co.*,
   815 F.2d 1095 (7th Cir. 1987) .............................................................................21

*In re MSTG, Inc.*,
   675 F.3d 1337 (Fed. Cir. 2012) ..........................................................................42

*Mohawk Indus., Inc. v. Carpenter*,
   558 U.S. 100 (2009).............................................................................................2

*Oliver v. United States*,
   2010 WL 2612738 (D. Mass. June 25, 2010)............................................34, 35

*Oracle Am., Inc. v. Innovative Tech. Distribs., LLC.*,
   2011 WL 2559825 (N.D. Cal. June 28, 2011)...........................................34, 35

*Osband v. Woodford*,
   290 F.3d 1036 (9th Cir. 2002) ............................................................................18

*In re Pioneer Hi-Bred Int'l, Inc.*,
   238 F.3d 1370 (Fed. Cir. 2001) ..........................................................................27

*Radware, Ltd. v. A10 Networks, Inc.*,
   2014 WL 116428 (N.D. Cal. Jan. 10, 2014)........................................................34

*Riemer v. Chase Bank USA, N.A.*,
   274 F.R.D. 637 (N.D. Ill. 2011)..........................................................................21

*Roberts v. Legacy Meridian Park Hosp., Inc.*,
   __ F. Supp. 3d __, 2015 WL 1608088 (D. Or. Apr. 10,  2015) .........................33

*SNK Corp. of Am. v. Atlus Dream Entm't Co.*,
   188 F.R.D. 566 (N.D. Cal. 1999)........................................................................40

*Shared Medical Resources, LLC v. Histologics, LLC*,
  2012 WL 5570213 (C.D. Cal. Nov. 14, 2012) ..................................................41

*Shukh v. Seagate Tech., LLC*,
  872 F. Supp. 2d 851 (D. Minn. 2012)................................................................22

*In re Sims*,
  534 F.3d 117 (2d Cir. 2008) ....................................................................35, 43

*In re Spalding Sports Worldwide, Inc.*,
  203 F.3d 800 (Fed. Cir. 2000) ..........................................................................43

*In re Target Tech. Co.*,
  208 Fed. App'x 825 (Fed. Cir. 2006) ...............................................................19

*Tennenbaum v. Deloitte & Touche*,
  77 F.3d 337 (9th Cir. 1996) ..............................................................................18

*Transamerica Computer Co. v. IBM Corp.*,
  573 F.2d 646 (9th Cir. 1978) ............................................................................29

*United States v. Amlani*,
  169 F.3d 1189 (9th  Cir. 1999) ...............................................18, 20, 31, 36, 38

*United States v. de la Jara*,
  973 F.2d 746 (9th Cir. 1992) ............................................................................19

*Verinata Health, Inc. v. Sequenom*,
  2014 WL 2600499 (N.D. Cal. June 10, 2014)...................................................34

*Williams v Sprint/United Mgmt. Co.*,
  464 F. Supp. 2d 1100 (D. Kan. 2006)................................................................23

*Zivkovic v. Southern Cal. Edison Co.*,
  302 F.3d 1080 (9th Cir. 2002) ....................................................................22, 23

## Statutes & Rules

15 U.S.C. § 1121 .................................................................................................2

28 U.S.C. § 1295(a)(1)...............................................................................2, 42, 43

28 U.S.C. § 1331 .................................................................................................2

28 U.S.C. § 1338 ......................................................................................2

28 U.S.C. § 1367 ......................................................................................2

28 U.S.C. § 1651(a) .................................................................................2

Fed. R. Civ. P. 30(b)(6)..........................................................................32

Fed. R. Civ. P. 72(a)...............................................................................13

Fed. R. Evid. 501 ....................................................................................20

## Miscellaneous Authorities

Black's Law Dictionary (9th ed. 2009) ..................................................21

2 Edna Selan Epstein, The Attorney-Client Privilege And The Work Product
    Doctrine 1027 (5th ed. 2007) .............................................................40

2 Paul R. Rice, Attorney-Client Privilege in the United States § 9:46 (2013) .......33

Charles Alan Wright & Arthur R. Miller,
    Federal Practice & Procedure § 1271 (3d ed. 2004)..........................................21

## STATEMENT OF RELATED CASES

Defendants-Appellants identify the following appeals as related:

*Apple Inc. v. Samsung Elecs. Co.*, No. 2012-1105, 678 F.3d 1314 (Fed. Cir. 2012) (Bryson, J., joined by Prost, J.; opinion concurring in part and dissenting in part by O'Malley, J.).

*Apple Inc. v. Samsung Elecs. Co.*, No. 2012-1506 (Fed. Cir.) (voluntarily dismissed).

*Apple Inc. v. Samsung Elecs. Co.*, Nos. 2012-1600, 2012-1606, 2013-1146, 727 F.3d 1214 (Fed. Cir. 2013) (Prost, J., joined by Bryson & O'Malley, JJ.).

*Apple Inc. v. Samsung Elecs. Co.*, No. 2013-1129, 735 F.3d 1352 (Fed. Cir. 2013) (Prost, J., joined by Bryson & O'Malley, JJ.).

*Apple Inc. v. Samsung Elecs. Co.*, Nos. 2014-1335, 2015-1029, 786 F.3d 983 (Fed. Cir. 2015) (Prost, C.J., joined by O'Malley & Chen, JJ.).

*Apple Inc. v. Samsung Elecs. Am., Inc*., No. 2015-2088, __ F. App'x __ (Fed. Cir. Oct. 13, 2015) (Prost, C.J., joined by O'Malley & Chen, JJ.).

## PRELIMINARY STATEMENT

This is an appeal of a final order of the U.S. District Court for the Northern District of California (Koh, J.) requiring Defendants-Appellants Samsung Electronics Co., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") to disclose privileged documents to Plaintiff-Appellee Apple Inc. ("Apple") and Movant-Appellee Nokia Corp. ("Nokia"). Although this Court has previously considered several appeals arising from this same case, this appeal involves discrete and unrelated issues pertaining to the attorney-client privilege and work-product doctrine.

The district court's disclosure order rests on a series of legal errors that, if left undisturbed, threaten to turn the implied-waiver doctrine into an untenable game of "gotcha" whereby merely defending against an adversary's allegations might yield a broad waiver of attorney-client privilege and work-product protection. The district court ruled that Samsung had put privileged communications at issue, and thus *waived* its privileges, merely by defending against Apple's and Nokia's allegations that Samsung and its counsel had intentionally violated a protective order and misused the terms of a license agreement subject to that order. But Samsung did not *affirmatively* put any privileged communications at issue, as required to trigger a waiver under

governing Ninth Circuit precedent.  And the district court's *post hoc* waiver ruling, rendered well after the conclusion of the underlying proceedings, failed to provide Samsung with the opportunity to withdraw the arguments that were found to trigger the waiver, again contrary to Ninth Circuit precedent.

For these and the other reasons discussed below, the district court's order should be reversed or, at the very least, vacated.

## JURISDICTIONAL STATEMENT

The district court had jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.  This Court has jurisdiction over Samsung's appeal of the district court's June 19, 2015 order pursuant to 28 U.S.C. § 1295(a)(1) because it is a final order resolving a post-judgment proceeding.  *See generally Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1064-65 (9th Cir. 2010) (discussing appellate jurisdiction over post-judgment final orders).  Samsung filed a timely notice of appeal on July 20, 2015.  A5911.  Were the Court to conclude that it lacks appellate jurisdiction over the district court's order, it should treat Samsung's appeal as a petition for a writ of mandamus under 28 U.S.C. § 1651(a).  *See infra*, Part III.

## STATEMENT OF THE ISSUES

1.    Whether the attorney-client privilege is preserved and thus not impliedly waived, where a privilege holder merely defends itself against

**Confidential Material Redacted**

allegations that it intentionally violated a protective order and improperly used document that were subject to that order.

2.     Whether attorney work-product protection may be preserved even where a privilege holder is found to have impliedly waived the attorney-client privilege over the materials at issue.

3.     Whether, in the event this Court concludes that it lacks appellate jurisdiction to review the district court's order, a writ of mandamus should issue precluding the district court from ordering disclosure of the privileged materials.

## STATEMENT OF THE CASE

**A.     Apple's And Nokia's Allegations Of Protective Order Violations**

The dispute that led to the district court's waiver ruling began on July 1, 2013, when Nokia moved for a protective order to prevent Apple from producing to Samsung documents relating to a licensing agreement between Apple and Nokia.  A20001-10.  Nokia ██████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████  A20012.

████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████ *Id.* (emphasis added).

Samsung's counsel immediately investigated and determined that, on March 24, 2012, the expert report of David J. Teece (the "Teece Report")—one of 105 expert reports prepared for trial in this matter—had been incompletely redacted before being made available to Samsung personnel.  A4073-74.  On July 16, 2013, Samsung's counsel notified Nokia of the inadvertent disclosures that it had discovered (A4080-81), and notified Apple of the inadvertent disclosures shortly thereafter (A4083-84).  Samsung and Nokia then entered into a stipulation setting forth an agreed mechanism to identify and remediate any confidential information in Samsung's possession, and Nokia withdrew its motion.  A20014-21.

Five days later, on August 23, 2013, Apple filed its own motion alleging that Samsung and its counsel had violated the district court's protective order governing confidential information in this case (the "Protective Order") (A4001-38), and seeking further discovery and sanctions.  *See* A427 (ECF 2374-02).  In support of its motion, Apple asserted that sanctions were warranted because "Samsung executives appear to have *improperly used* the Apple confidential licensing information" and "*used* the improperly disclosed information to their advantage in licensing negotiations."  A4053 (emphasis added); A4044 (emphasis added); *see* A20056; A20038-39; A20040.  Apple reiterated that the information

was "*used in violation* of the protective order for purposes that had nothing to do with litigation and everything to do with the reason that the information was protected." A20040 (emphasis added). And Apple claimed that it was entitled to discovery from Samsung of even privileged documents and information because Samsung's conduct was fraudulent, thus implicating the "crime-fraud exception" to the attorney-client privilege. A4117. Samsung denied, in response, that it had misused the confidential information in any way, and argued that the disclosures had been inadvertent. A20141; 20143. Nokia joined Apple in seeking further discovery and sanctions. *See* A435 (ECF 2434).

The assigned magistrate judge, Judge Grewal, granted the request for discovery and, on October 2, 2013, ordered Samsung to produce broad swaths of information bearing on the disclosures, including documents and deposition witnesses. A4128-33. In response, Samsung produced almost 13,000 pages of responsive documents and made six witnesses available for over forty hours of deposition testimony on this topic. A4886-88. Samsung withheld 275 documents, some with attachments, as protected by the attorney-client privilege, attorney work-product doctrine and/or mediation privilege, and identified each of those documents on a detailed privilege log. A4891; 4897; 5170-910; *see* A5137. Samsung also continued to provide additional information to Apple and Nokia

**Confidential Material Redacted**

pursuant to the stipulation that had been negotiated with Nokia before Apple filed its motion.  A5027.

As the magistrate judge later concluded (A4992-93), this discovery demonstrated that Samsung did not use the inadvertently-disclosed information. The Samsung executive who was accused of misusing the confidential information in licensing discussions with Nokia ███████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████ A4297-300; *see also* A4175-77.

███████████████████████████████████████████████

████████████████ A4175-78; A4182-84; A4193-94; A4574-76.  Discovery further showed that ████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████ *See* A4897; A4919-20; A4064-65; A4077-78; A4087-89; A4092-93; A4100; A4103-04.

## B.    The Magistrate Judge's Orders Requiring Samsung To Substantiate Its Claims Of Privilege

During proceedings before the magistrate judge, Apple and Nokia expanded upon their arguments seeking to pierce Samsung's claims of privilege.  On October 9 and 21, 2013, Nokia asserted that Samsung had waived the attorney-client privilege by putting its privileged communications "at issue" by stating that

counsel had merely "fail[ed] to redact a handful of lines" from the Teece Report and asserting that "its conduct was not willful." A4146; A4675-76. And Apple reasserted its claim that the crime-fraud exception applied because Samsung's alleged disclosures and use of the information were allegedly in "furtherance of what is a fraud." A20130; A4200-01; A4207; A4210.

The magistrate judge responded to these arguments by ordering Samsung, on October 22, 2013, to submit *every* document described on its privilege log for the court's *in camera* review. A20199; A20204; *see also* A4678; A4679-80; A4683. Samsung did so, submitting *in camera* 23 binders of documents containing 275 total tabs. A4686; A4897. Behind each tab was a withheld lead document, as well as any attachments to that document. *Id.*

On November 8, 2013, the magistrate judge issued an order to show cause ("Order to Show Cause"), stating that "an outline does emerge suggesting sanctions should issue" and identifying eleven tabs of documents (of the 275 tabs submitted for *in camera* review) as potentially supporting such sanctions. A4684; A4686. The magistrate judge also expressed doubt that the documents behind those eleven tabs were privileged and gave Samsung "one further opportunity to demonstrate with specificity how each and every one of the [eleven] documents fall under the protection of either the attorney-client privilege or the work-product doctrine…." A4687.

7

Pursuant to this order, Samsung submitted, on November 15, 2013, a memorandum of law and sixteen supporting declarations from the authors and recipients of the documents behind each of the eleven tabs that the magistrate judge had identified, demonstrating that those documents were all protected by the attorney-client privilege, the work-product doctrine, and/or the mediation privilege. *See* A476 (ECF 2807); A472 (ECF 2757).  Samsung initially made this submission *in camera* (*see* A472 (ECF 2757)), but the magistrate judge ordered Samsung to serve these documents on Apple and Nokia.  A4693-94.  The magistrate judge cautioned that, while Samsung could redact for privilege before doing so, "very little in the submission merits redaction" and excessive redactions would be met with an order "requiring the filing of completely unredacted copies quickly thereafter." *Id.*  As ordered, Samsung filed redacted versions of its memorandum of law and declarations one court day later, narrowly redacting for privilege. *See* A476 (ECF 2807).

Apple and Nokia then asserted several *additional* privilege waiver arguments based on Samsung's submission designed to substantiate its claims of privilege, arguing that Samsung had waived privilege by both disclosing too much and not enough information about the withheld documents in its declarations. Nokia, for example, argued that Samsung had waived privilege by "publicly disclos[ing] the contents of several of the documents at issue" in unredacted

portions of the declarations (A4826-28), while Apple argued that Samsung had failed to substantiate its claims of privilege by over-redacting the declarations and thus concealing "essentially all details regarding the purpose or content of each withheld communication" (A4839).  These inconsistent arguments were made, in some cases, as to the same withheld documents.  *Compare* A4836 (Apple arguing as to one privileged document, Tab 6, that Samsung's declarations did "not contain any information regarding the subject matter of the communication" and therefore failed to substantiate the privilege) *with* A5051 (Apple arguing that Samsung waived privilege over this same document by "disclos[ing] certain content" of it in the declarations).

Apple also again reasserted its crime-fraud argument at this time, urging that "even if the initial disclosure [of confidential information] was inadvertent, subsequent disclosures were not inadvertent."  A4846.

> ### C.     The Magistrate Judge's Order Finding A Limited Privilege Waiver, And The District Court's Remand For Further Proceedings

In January 2014, the magistrate judge issued an order resolving the Protective Order dispute.  A4983-5001 (the "Sanctions Order").  The magistrate judge ruled that there was no evidence "that Samsung used the Teece Report in … [the] Nokia negotiations" and thus no evidence that Samsung violated the Protective Order in connection with the June  2013 negotiations with Nokia that

led to Nokia's initial motion.  A4992-93.  The court found that Samsung's counsel did, however, violate the Protective Order by circulating the incompletely-redacted Teece Report to Samsung and by not having sufficient safeguards in place to ensure protection of that information.  A4995-97.  As a sanction, the magistrate judge ordered Samsung's counsel to reimburse Apple and Nokia for their expenses in litigating the sanctions motion and the associated discovery (A5000-01, 5002-11), totaling $1,145,027.95 for Nokia and $893,825.77 for Apple (A5011).  These awards have been paid.

In the same order, the magistrate judge also ruled that Samsung waived privilege as to seven specific documents (the "Original Waiver Documents") by *offering*, two months earlier, to provide those documents to Apple and Nokia if they agreed to stipulate that doing so would not be a basis for claiming a broader waiver of privilege.  A4986.  Apple and Nokia had rejected the proposed stipulation, however, and thus Samsung had never provided the documents to them.  A4893-94.

Samsung and Nokia moved the district court for relief from the Sanctions Order.  Samsung did not challenge the sanctions ruling itself, but contested the ruling that Samsung's conditional, rejected offer to produce the seven Original Waiver Documents effected a waiver of privilege.  *See* A523 (ECF 3135).  Nokia likewise did not challenge the sanctions ruling, but sought production of all of

Samsung's withheld documents on the ground that Samsung had waived its privileges. *See* A523 (ECF 3136). Apple did not file a motion for relief.

In September 2014, the district court entered an order granting relief from the magistrate judge's waiver finding as to the Original Waiver Documents, declined to rule on Nokia's waiver arguments, and remanded the matter to the magistrate judge for further consideration of the other privilege challenges that Apple and Nokia had raised. A5029-46.

### D.    The Magistrate Judge's Order That Samsung Waived Privilege Over More Than 300 Documents

In October 2014, on remand to the magistrate judge, Apple and Nokia filed renewed motions to compel the production of Samsung's privileged documents. *See* A532 (ECF 3212, 3213). Apple demanded production of the Original Waiver Documents, arguing that Samsung waived privilege "by making affirmative representations about what the documents supposedly disclose and do not disclose, and by engaging in extensive Protective Order violations sufficient to invoke the crime-fraud exception." A5049. Nokia demanded production of all documents behind the 279 tabs that Samsung had submitted,[1] arguing that Samsung had not substantiated its privilege claims and had impliedly waived the privilege. A5065-73.

---

[1]    Samsung submitted four additional tabs for *in camera* review in December 2013, bringing the total number of tabs to 279. A484 (ECF 2870).

Following additional proceedings, the magistrate judge entered an order in which he again ruled that Samsung had waived its privileges, though on different grounds than before. A1-18. As a threshold matter, the magistrate judge concluded that, "[t]hrough a combination of its privilege log, briefs, declarations and this court's in camera review, Samsung [had] succeed[ed] in showing the documents it submitted were, as a whole, privileged." A1. Nevertheless, the magistrate judge ruled that Samsung had waived its privileges as to the seven Original Waiver Documents *and* "92 documents relevant to Nokia's confidential business information" (A16 (citing A5081) (collectively the "Waiver Documents"))[2] in three different ways: (1) by impliedly waiving the privilege in "raising affirmative defenses about inadvertence and whether Nokia's confidential information actually was used" (A11); (2) by selectively disclosing privileged information about some of those documents in declarations that Samsung had submitted to sustain its privilege claims and in other statements (A14); and (3) by disclosing some of those documents to Samsung's in-house counsel and personnel (A15-16).

---

[2]   The magistrate judge did not identify the "92 documents" that he was ordering Samsung to disclose, but cited a declaration in which Samsung's counsel stated that only 92 of the 279 *tabs* submitted for *in camera* review include documents that even reference the Apple-Nokia license. A16 (citing A5081). The declaration did not identify those tabs. To the extent that the magistrate judge ordered disclosure of all of the documents behind the 92 tabs referenced in the declaration, there are actually *313* documents at issue here.

The compelled documents contain legal advice and attorney-work product, including communications with outside counsel.  For example, the author of the communication behind tab 6, an outside litigation attorney for Samsung, declared that this email "set forth our firm's thoughts and impressions on numerous legal issues" and was sent "only to Samsung's outside litigation counsel and Samsung in-house attorneys and other Samsung employees who are responsible for handing aspects of the global Apple litigations." A4748.  Similar testimony was given as to other privileged documents that the magistrate judge ordered produced (*see, e.g.*, A4706; A4701; A4703-04), none of which has ever been rebutted.

### E.    The District Court's Order Denying Relief From The Magistrate Judge's Broad Waiver Ruling

Samsung moved the district court for relief from the magistrate judge's waiver ruling pursuant to Fed. R. Civ. P. 72(a), which authorizes a district court to "modify or set aside any part of [a magistrate judge's non-dispositive] order that is clearly erroneous or is contrary to law." *See* A537 (ECF 3251).  Notwithstanding the substantial *legal* issues that Samsung raised, the district court reviewed the magistrate judge's ruling only for "clear error" (A29) and denied relief (A19-43) ("Waiver Order").

The district court ruled, in particular, that the magistrate judge did not clearly err in concluding that Samsung had impliedly waived its privileges by

putting privileged materials at issue.  A31-35.[3]  The court reasoned, *first*, that Samsung had "affirmatively" argued that the alleged protective order violations were inadvertent and that it did not misuse any confidential information by contending, in response to the Order to Show Cause in December 2013, "that inadvertence and lack of use should excuse Samsung's conduct."  A32.  The court did not acknowledge or address the fact that ████████████████████

████████████████████████████████████████████████████

████████████████ and that the crime-fraud exception applied.  *See*, *e.g*., A20012; A435 (ECF 2434); A4210; A20130-31.

Second, the district court relied on Samsung's argument that its counsel "at all times complied with the protective order" (A34), without explaining how that *denial* of Apple's and Nokia's own accusations could trigger an implied waiver.

And, *third*, the district court identified instances in which Samsung had purportedly relied on the documents containing privileged information in opposing sanctions (A33-34), but did not explain how Samsung had used or relied on the *privileged portions* of those documents.  Indeed, Samsung had *redacted* privileged content precisely to avoid waiver.  *See infra*, at 26-30.

---

[3]  The district court did not adopt (or discuss) the magistrate judge's rulings that Samsung had waived privilege by selective disclosures and disclosures to in-house counsel.  *See supra*, at 12.

The district court also disregarded the magistrate judge's failure to address whether there was a "vital" need to pierce Samsung's privileges ruling that "[d]ue process provided the vital need" so that Apple and Nokia could "evaluat[e] … Judge Grewal's rulings …." A37.  The court likewise rejected Samsung's argument that it was entitled to an opportunity to avoid waiver by withdrawing any arguments found to effectuate a waiver, reasoning that withdrawal is not permitted where "a party has already advanced and … already benefitted" from an argument. A38-39.  The district court did not explain, as to either ruling, why Samsung should be penalized, through compelled disclosure of privileged communications, for the magistrate judge's decision to resolve the merits of the parties' Protective Order dispute *before* resolving Samsung's privilege claims.

The district court also did not explain how the magistrate judge's waiver ruling could be "narrowly tailored," as the court found it was (A38), without any determination that the documents at issue are relevant to whether the alleged protective order violation was intentional or the terms of the Apple-Nokia license were allegedly used.  Finally, relying on a single decision from another district court, the court ruled that the magistrate judge's failure to address Samsung's contention that the documents were protected by the attorney work-product doctrine and mediation privileges did not require relief since, "if waiver occurs, it

applies to both attorney-client privilege and work-product immunity as well as any other privileges that might apply." A40-41 (internal quotation marks omitted).

The magistrate judge's production order has been stayed pending the resolution of Samsung's appeal. A5132-34.

## SUMMARY OF ARGUMENT

This Court should reverse, or at the very least vacate and remand, the district court's final order requiring Samsung to disclose over 300 documents protected by the attorney-client privilege and/or the attorney-work product doctrine. The district court's ruling that Samsung's defenses against alleged protective order violations triggered an implied waiver of those privileges—which was issued *after* the underlying protective order motion had been resolved and *without* any opportunity to withdraw the triggering defenses—is contrary to governing Ninth Circuit precedent for several independent reasons.

*First*, the district court committed legal error in ruling that Samsung impliedly waived privilege by "affirmatively" putting its privileged communications at issue. There was nothing affirmative about Samsung's defenses of inadvertence and "no use," which were classic *negative* defenses that Samsung raised to rebut Apple's and Nokia's allegations of protective order violations. Nor did Samsung ever disclose or rely on the substance of any privileged communications in defending itself; at most, Samsung relied on *non-*

*privileged* portions of documents that elsewhere contain privileged communications.

*Second*, the district court further erred as a matter of law in ruling that Apple and Nokia had a "vital" need for Samsung's privileged communications, an issue that the magistrate judge had failed to address but that is necessary for an implied waiver under Ninth Circuit law. And in any event both Apple and Nokia had ample opportunity to obtain non-privileged discovery related to Samsung's inadvertence and "no use" arguments, thus defeating any claim that there is a vital need to pierce privilege here.

*Third*, the district court acted contrary to Ninth Circuit precedent by not providing Samsung an opportunity to withdraw its waiver-inducing arguments, before compelling disclosure of its privileged communications. An implied waiver must be knowing and voluntary, not a *post hoc* judicial exercise in which a party does not even know that its defenses will result in a waiver until it is too late.

*Fourth*, even if the district court were correct to find an implied waiver (it was not), it erred by failing to ensure that the disclosure order was narrowly tailored. The order is grossly overbroad, as the district court made no determination that any of the documents at issue implicate Samsung's inadvertence and "no use" arguments, and it is in fact undisputed that some of those documents

pertain to licenses with third parties—documents that are *wholly irrelevant* to this dispute.

*Finally*, the district court wrongly ruled that waiver of the attorney-client privilege automatically results in waiver of attorney work-product protection. The weight of authority is to the contrary, and for good reason since the attorney-client privilege and work-product doctrine rest on different policies and purposes. Thus, at the very least, the district court's order should be vacated so that it can consider in the first instance whether the documents Samsung has been ordered to produce are entitled to protection as attorney work-product.

## STANDARD OF REVIEW

Applying regional circuit law (here that of the Ninth Circuit), this Court reviews the district court's denial of relief from a nondispositive order of a magistrate judge to determine whether it is contrary to law or clearly erroneous. *See, e.g.*, *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002). Under this standard, this Court reviews questions of law and mixed questions of law and fact without deference to the district court. *See id.* (citing *Kulas v. Flores*, 255 F.3d 780, 783 (9th Cir. 2001)). "Whether a holder has waived the right to claim the attorney-client privilege is a mixed question of law and fact which … [is] review[ed] *de novo*." *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 340 (9th Cir. 1996); *accord United States v. Amlani*, 169 F.3d 1189, 1194 (9th

Cir. 1999); *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F. 3d 1322, 1326 (9th Cir. 1995); *United States v. de la Jara*, 973 F.2d 746, 749 (9th Cir. 1992).[4]

## ARGUMENT

## I. THE DISTRICT COURT ERRED IN RULING THAT SAMSUNG WAIVED ITS ATTORNEY-CLIENT PRIVILEGE AS TO MORE THAN 300 DOCUMENTS

### A. The District Court Misapplied The Test For An Implied Waiver Of The Attorney-Client Privilege

The district court erroneously concluded that Samsung had impliedly waived the attorney-client privilege as to more than 300 documents by defending itself against Apple's and Nokia's motions for sanctions. To determine whether an implied waiver has occurred, the Ninth Circuit, whose law governs here,[5] considers (1) "whether the party is asserting the 'privilege as the result of some affirmative act, such as filing suit'"; (2) "whether 'through this affirmative act, the asserting party puts the privileged information at issue'"; and (3) "whether 'allowing the privilege would deny the opposing party access to information vital to its

---

[4]    The district court wrongly viewed waiver as a purely factual issue and thus erroneously reviewed the magistrate judge's ruling for clear error. A29.

[5]    This Court applies the law of the regional circuit to questions of attorney-client privilege and waiver of attorney-client privilege that, as here, do not relate to an issue of substantive patent law. *See, e.g.*, *In re Target Tech. Co.*, 208 Fed. App'x 825, 826 (Fed. Cir. 2006); *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1346 (Fed. Cir. 2005).

defense.'" *Amlani*, 169 F.3d at 1195 (quoting *Home Indem.*, 43 F.3d at 1326).[6] An

implied waiver can occur only where all three of these elements are satisfied,

*Amlani*, 169 F.3d at 1195, considering the "overarching consideration" of

"whether allowing the privilege to protect against disclosure of the information

would be 'manifestly unfair' to the opposing party," *Home Indem.*, 43 F.3d at

1326.

> ### 1. Samsung Did Not Put Privileged Information At Issue Through Any Affirmative Act
>
> #### (a) Samsung Did Not Raise Any Affirmative Defenses To Apple's And Nokia's Allegations

The district court erred at the threshold in ruling that Samsung put the

contents of its privileged communications at issue by raising "'*affirmative defenses*

about inadvertence and whether Nokia's confidential information actually was

used.'" A31 (emphasis added) (quoting A11); *see also* A34 ("[I]t is more than

plausible that Samsung's *affirmative defenses* during the sanctions proceedings put

at issue the contents of the Waiver Documents.") (emphasis added). There was

nothing affirmative about Samsung's defenses that the disclosures of confidential

information had been inadvertent and that Samsung had not used the inadvertently-

disclosed information. These were, instead, ordinary *negative* defenses that

---

[6]     "Issues concerning application of the attorney-client privilege in the adjudication of federal law are governed by federal common law." *Clarke v. American Commerce Nat'l Bank,* 974 F.2d 127, 129 (9th Cir. 1992); *see also* FED. R. EVID. 501 (providing for same).

Samsung raised to defeat Apple's and Nokia's own *prima facie* case in seeking sanctions, in response to allegations that Apple and Nokia had made. The requirement that only an affirmative defense (or claim) can trigger an implied waiver is a clear, bright-line rule that ensures only *voluntary* conduct can yield a waiver. This mandatory requirement was not satisfied here.

An affirmative defense "concern[s] allegations outside of the plaintiff's prima facie case," 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1271 (3d ed. 2004), and thus involves the "assertion of facts and arguments that, if true, will defeat the plaintiff's … claim, even if all the allegations in the complaint are true." BLACK'S LAW DICTIONARY 482 (9th ed. 2009); *see also Riemer v. Chase Bank USA, N.A.*, 274 F.R.D. 637, 639 (N.D. Ill. 2011) (similar). Reliance on an affirmative defense like "advice of counsel" can satisfy the affirmative act requirement for implied waiver. *See, e.g., Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1098 (7th Cir. 1987) ("To waive the attorney-client privilege by voluntarily injecting an issue in the case, a defendant must do more than merely deny a plaintiff's allegations. The holder must inject a new factual or legal issue into the case. Most often, this occurs through the use of an affirmative defense."); *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 547, 556 (S.D.N.Y. 2013) (advice of counsel is classic affirmative defense that can yield implied waiver); *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975)

21

(assertion of affirmative defense of qualified immunity was "affirmative act … [that] placed the protected information at issue"), *cited in Home Indem.*, 43 F.3d at 1326.

By contrast, a defense "which demonstrates that plaintiff has not met its burden of proof" or that "merely negates an element that [the opposing party] was required to prove" is not an "affirmative defense." *Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Asserting such a "negative" defense can never trigger an implied waiver—for if it could, parties would be unable to defend themselves when accused of misconduct without risking the loss of their privilege. *See, e.g., Claffey v. River Oaks Hyundai*, 486 F. Supp. 2d 776, 778 (N.D. Ill. 2007) ("The plaintiffs have offered no authority for the proposition that *they* can force a waiver of COAF's attorney-client privilege simply by injecting the issue of willfulness into the case, or that COAF has waived the privilege simply by denying the plaintiffs' willfulness allegation."); *Chase Manhattan Bank N.A. v. Drysdale Sec. Corp.*, 587 F. Supp. 57, 58-59 (S.D.N.Y. 1984) (absent affirmative act requirement, "an adversary who is a skillful pleader [would have] the ability to render the privilege a nullity"). For the same reasons, a party's statements denying or refuting an adversary's allegations cannot yield an implied waiver either. *See, e.g., Shukh v. Seagate Tech., LLC*, 872 F. Supp. 2d 851, 857 (D. Minn. 2012) ("[M]erely denying a plaintiff's allegations does not place

privileged information at issue."); *Flintco, Inc. v. United States*, 2012 WL 3276158, *5 (Fed. Cl. Aug. 10, 2012) ("A party cannot waive the attorney-client privilege of its opponent, by making allegations concerning the knowledge or intentions of the latter and then demanding the production of privileged legal communications when these allegations are denied."); *Williams v Sprint/United Mgmt. Co.*, 464 F. Supp. 2d 1100, 1115-16 (D. Kan. 2006) (similar).[7]

Here, Samsung did not assert any affirmative defenses that could result in an implied waiver of privilege. *First*, Samsung contended, in response to Apple's and Nokia's arguments, that it had not misused their confidential information in violation of the Protective Order—but that is a classic negative defense denying that the alleged conduct occurred. *See, e.g.*, *Zikovic*, 302 F.3d at 1088. Apple alleged throughout the sanctions proceedings that "the information *was used in violation of the protective order* for purposes that had nothing to do with litigation and everything to do with the reason that the information was protected." A20040 (emphasis added); *see also, e.g.*, A4946 (similar). ███████████

---

[7] Nor do a party's denials of knowledge constitute the requisite affirmative act. *See*, *e.g.*, *Genentech, Inc. v. Insmed, Inc.*, 236 F.R.D. 466, 468-70 (N.D. Cal. 2006) (overruling implied waiver ruling based on witnesses' denial of knowledge about who authored patent specification); *Laser Indus., Ltd. v. Reliant Techs., Inc.*, 167 F.R.D. 417, 446-47 (N.D. Cal. 1996) (no waiver where statements in witness declarations constituted mere "denials of knowledge of the undisclosed prior art[,] "did not purport to disclose the contents of a specific communication, … and do not appear to go beyond 'mere denials'") (citations omitted)).

**Confidential Material Redacted**

███████████████████████████████████████████

███████████████████████████████████████████

████████████████ And in the Order to Show Cause, the magistrate judge identified "Samsung's wrongful use" of the information as a possible "violation[] of [the] protective order" and ordered Samsung to explain why this alleged use did not support sanctions. A4686. Samsung was entitled to counter these allegations by arguing that it "never used the alleged confidential information" (A4972), without risking a waiver of privilege through this response.

*Second*, Samsung similarly argued that its disclosures had been inadvertent in response to Apple's own allegations. *E.g.,* A4846 (Apple alleging that, "even if the initial disclosure was inadvertent, subsequent disclosures were not inadvertent"); A20055, A20056 (Apple claiming it was no "coincidence" that Samsung disclosed the confidential information more than once). Apple alleged that Samsung's conduct was intentional and fraudulent—so much so that the crime-fraud exception purportedly applied. A4117, A20130-31, A4200-01, A4207; A4210. Samsung was entitled to defend itself against these allegations by arguing that the disclosures had been inadvertent and, therefore, that the "intent requirement" for sanctions and the "intentional fraudulent conduct" requirement for the crime-fraud exception were not satisfied. A4711-12 (Samsung arguing that "the 'crime or fraud' exception requires, at a minimum, proof of intentional

**Confidential Material Redacted**

fraudulent conduct" and that neither "Samsung [n]or its counsel had intentionally disclosed information deemed confidential under the Protective Order"); A20081 (Samsung arguing that the "intent [or] willfulness requirement for a violation of a protective order" was not satisfied); A4866; A4868.  Samsung's assertion of inadvertence thus was not an affirmative act that could waive its privileges either.

The district court refused to disturb the magistrate judge's finding that it was Samsung that "first argued," in its December 2013 response to the Order to Show Cause, "that inadvertence and lack of use should excuse Samsung's conduct." A32.  That finding is irrelevant and in any event clearly erroneous.  It is irrelevant because Samsung's arguments directly challenged Apple's and Nokia's claims of intentional protective order violations (*see supra*, at 23-24), and thus were "negative" defenses as a matter of law.  It is clearly erroneous because both Apple and Nokia had explicitly and repeatedly injected issues of intent and use into these proceedings well *before* Samsung's December 2013 response, including through arguments that Samsung had misused the Apple-Nokia license information in negotiations with Nokia and that the crime-fraud exception applied.  ████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████  (A20012), and Apple and Nokia repeated that refrain throughout the proceedings (*e.g.,* A20040, A4846).  And Apple similarly argued as

early as September 13, 2013, that Samsung's intentional and fraudulent violations of the Protective Order warranted piercing its privileges (A4117), and it repeated that claim throughout the proceedings (A20130-31; A4200-01; A4207; A4210; A4844-45).

Nor, *third,* was the district court correct to justify waiver on a ground not addressed by the magistrate judge—that Samsung impliedly waived the attorney-client privilege by "argu[ing] that [Samsung's counsel] at all times complied with the protective order." A34 (citing A4873-75). To the contrary, Samsung could not possibly have waived its privileges by denying that it violated the Protective Order—that is a classic negative defense merely denying Apple's and Nokia's claims that such violations had occurred. Were denying wrongdoing or liability enough to trigger an implied waiver, literally any factual response to any allegation of misconduct could yield a waiver of privilege—leaving a party facing such allegations hamstrung in defending itself. That plainly is not the law.

### (b)     Samsung Did Not Rely On Any Privileged Communications

The district court also erred to the extent it upheld waiver on the basis that "Samsung sought to use the Waiver Documents affirmatively to argue to Judge Grewal that sanctions should not be imposed …." A32. None of the citations that the district court references shows Samsung's use of or reliance on the *privileged contents* of any of the withheld communications—instead, they show at most

26

reliance on *non-privileged portions* of documents that elsewhere contain privileged communications. As a matter of law, referring to non-privileged portions of a redacted document that have been produced to all parties does not affirmatively put at issue the privileged, withheld portions. *See, e.g.*, *In re Pioneer Hi-Bred Int'l, Inc.*, 238 F.3d 1370, 1374 (Fed. Cir. 2001) (privilege only waived as to merger negotiations "when a party relies on or discloses advice of counsel or other *privileged information* in connection with the merger"); *Holland v. Island Creek Corp.*, 885 F. Supp. 4, 7 (D.D.C. 1995) (disclosing "nonprivileged portions of a document" does not waive "for the entire document").

The district court identified (A31) four "means" by which Samsung purportedly relied on the privileged contents of the Waiver Documents. None supports an implied waiver. *First*, Samsung's counsel did not rely at the hearings on privileged communications, but rather made either general denials or discussed non-privileged factual information. *Contra* A32-34 (citing A486-87 (ECF 2882); A453 (ECF 2581); A441-42 (ECF 2485)). The single statement that the district court discusses (*see* A34 (citing A20229-30)) involves Samsung's counsel's reference—in response to a question by the magistrate judge—to a withheld document that had been supplied for *in camera* review, as ordered. Far from discussing any content, however, Samsung's counsel merely stated "he says what he says" in the privileged email. A20229. Answering in general terms the

**Confidential Material Redacted**

magistrate judge's questions about information that Samsung had been ordered to submit *in camera*, while carefully avoiding any disclosure of the substance of the privileged communication, is not a waiver—let alone one justifying disclosure of over 300 privileged communications.[8]

Nor, *second*, did Samsung rely on the privileged portions of any communications in its briefs opposing sanctions. *Contra* A32-33 (citing A4977-79; A4864-75; A4710-14). The district court did not identify any particular statements from Samsung's briefs, instead generally stating that three briefs pertained to "what was or was not sent or communicated in the privileged documents." *Id.* Nothing in those briefs, however, even referenced privileged communications—let alone affirmatively relied on them. Rather, the portions of those briefs cited by the magistrate judge involved general denials that evidence of intentional conduct or use existed (A4866-67; A4972; A4974: A4978); a statement

---

[8]   The magistrate judge (but not the district court) also cited three other statements by Samsung's counsel at hearings, but none supports an implied waiver. Two of the cited statements involve mere denials that Samsung and its counsel had committed an intentional Protective Order violation, with counsel stating that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ of deliberate disclosure (A20212) and ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮ (A20081-82). Such denials of an adversary's allegations do not yield a waiver for the reasons discussed above. The third statement contains a factual explanation why a Samsung employee asked for the Teece Report in December 2012, which likewise does not disclose the privileged substance of any of the withheld communications. *See* A20165 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. None of these statements reflects affirmative use of *privileged* communications.

of fact that did not reveal privileged information (A4872); or a citation to unredacted, non-privileged portions of declarations (A4868-69; A4872).[9]

*Third*, Samsung's submission of unredacted versions of the Waiver Documents to the magistrate judge was *required by court order*—and thus necessarily was not an *affirmative* act that could voluntarily waive privilege. *Contra* A32-33 (citing A476 (ECF 2807)). It is well established that such a *compelled* production preserves and does not waive privilege. *See*, *e.g.*, *Fed. Sav. & Loan Ins. Corp. v. Ferm*, 909 F.2d 372, 374 (9th Cir. 1990) (explaining that *in camera* review is used "to *preserve* privileged information") (emphasis added); *Transamerica Computer Co. v. IBM Corp.*, 573 F.2d 646, 651 (9th Cir. 1978) (noting "general acceptance of the principle that waiver cannot result from compelled production").

*Finally*, Samsung's filing of redacted declarations to substantiate its privilege claims does not support an implied waiver. *Contra* A32. Samsung was required to submit those declarations in response to the magistrate judge's order that it further substantiate its privilege (A20199; A20204; *see also* A4678; A4679-80; A4683; *see Ferm*, 909 F.2d at 274; *Transamerica*, 573 F.2d at 651), it sought

---

[9]    The magistrate judge also cited portions of two other Samsung briefs (*see* A11-13), but they too involve either a general denial of wrongdoing that did not reveal privileged communications (A4158) or non-privileged factual information (A4135) ("The disclosure arose from an inadvertent failure to redact a few lines of a 295-paragraph report that was otherwise properly redacted.").

to submit those declarations *in camera* (A472 (ECF 2757)), and it publicly filed them (with redactions for privilege (A476 (ECF 2807-1 to -16)) only after the magistrate judge ordered it to do so (A4692-94).  Samsung never intentionally disclosed or relied on the substance of any privileged communication in its declarations, and the disclosure of non-privileged information was compelled.[10]

For all these reasons, the district court erred as a matter of law in ruling that Samsung put its privileged communications at issue through an affirmative act. The Waiver Order should be reversed on this basis alone.

### 2.    There Is No Vital Need To Pierce Samsung's Privilege

The district court also misapplied the third element of the implied-waiver analysis, ruling that Apple and Nokia have a "vital" need to see Samsung's privileged communications when there is none.   This element—which the magistrate judge did not consider at all—serves a critical gatekeeping function in limiting findings of implied waiver to exceptional cases.  *See Home Indem.*, 43 F.3d at 1326 (court must evaluate whether "allowing the privilege would deny the opposing party access to information *vital* to its defense," and there is no "vital"

---

[10]    The district court also erred to the extent it ruled that the magistrate judge's citation in the Sanctions Order to documents containing privileged communications supported an implied waiver.  A34.  The magistrate judge did not rely on the *privileged* portions of those documents in the Sanctions Order, which in any event was not an affirmative, voluntary act *by Samsung* that could lead to a finding of waiver.

need to pierce privilege where failing to do so is not "manifestly unfair" to opposing party).

There is no vital need to pierce the privilege where, as here, non-privileged information bearing on the matter "at issue" is available. *See, e.g.*, *Frontier Ref. Inc. v. Gorman-Rupp Co.*, 136 F.3d 695, 701 (10th Cir. 1998) ("Mere relevance, however, is not the standard …. Instead, the information must also be 'vital,' which necessarily implies the information is available from no other source."); *1st Sec. Bank of Wash. v. Eriksen*, 2007 WL 188881, at *3 (W.D. Wash. Jan. 22, 2007) ("[T]he information sought must be 'vital' to defendants' case, meaning that the information is available from no other source."); *see also Amlani*, 169 F.3d at 1196 (affirming implied waiver ruling where "alternative sources of evidence would be of little, if any, value in evaluating whether the prosecutor's statements caused Amlani to retain other counsel"). That the communications allegedly "at issue" here pertain to a collateral dispute, rather than the merits of a lawsuit, further shows there is no vital need to pierce the privilege. *In re Grand Jury Proceedings*, 219 F.3d 175, 183, 189 (2d Cir. 2000) (waiver to be narrowly construed in peripheral proceedings).

Here, both Apple and Nokia had ample opportunity to obtain non-privileged discovery related to Samsung's defenses. Samsung produced nearly 13,000 pages of documents and six witnesses for over 40 hours of deposition testimony relating

31

**Confidential Material Redacted**

to this collateral dispute (see A4886-87)—more discovery than is provided for the merits of many civil actions. This vast quantity of non-privileged information in the record—including (1) ███████████████████████████

████████████████████████████████████

███████████████████ (A4297-300; *see also* A4175-77); (2) testimony by the other two Samsung employees who attended the licensing negotiation between Samsung and Nokia (A4175-78; A4297-300; A4182-84; A4193-94; A4574-76); (3) testimony about the disclosures given by Samsung's designee under Fed. R. Civ. P. 30(b)(6) (A4886-88)); and (4) Samsung's production of almost 13,000 pages of documents bearing on these issues (*id.*)—more than enabled Apple and Nokia to fairly litigate the issues of use and inadvertence without piercing Samsung's privilege.

Nor is the district court correct that "due process" required piercing the privilege to allow Apple and Nokia to test the magistrate judge's "rulings regarding the scope of Samsung's protective order violations and appropriate sanctions." A37. That conclusion ignores the substantial non-privileged discovery that Apple and Nokia obtained. It also improperly justifies the invasion of Samsung's privilege based on the Sanctions Order itself, thus bootstrapping from a court order addressing sanctions to a finding that Samsung voluntarily waived privilege. The district court cited no authority supporting this approach, and there

is none.  Because the "vital" need element also is not satisfied, the Waiver Order should be reversed.

### B.     The District Court Wrongly Failed To Provide Samsung An Opportunity To Withdraw Arguments Found To Trigger Waiver

Even if the district court were correct that Samsung's arguments opposing sanctions triggered an implied waiver (they did not), the court still erred in not providing Samsung with an opportunity to withdraw those arguments before compelling disclosure of Samsung's privileged communications.  As the Ninth Circuit has held, under the implied waiver doctrine, a court must "give[] the holder of the privilege a *choice*:  If you want to litigate this claim, then you must waive your privilege to the extent necessary to give your opponent a fair opportunity to defend against it."  *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (en banc) (emphasis added), *quoted in* A30.  A court thus should "direct[] the party holding the privilege to produce the privileged materials *if* it wishes to go forward with its claims implicating them," *id.* at 720, so that "the holder of the privilege may preserve the confidentiality of the privileged communications by choosing to abandon the claim that gives rise to the waiver condition," *id.* at 721; *see* 2 PAUL R. RICE, ATTORNEY-CLIENT PRIVILEGE IN THE UNITED STATES § 9:46 (2013) (stating consensus view that arguments triggering implied waivers may be abandoned).

District courts throughout the Ninth Circuit follow this procedure to ensure that a party's waiver of the attorney-client privilege is knowing and voluntary, and

made with awareness of the consequences. *See, e.g.*, *Roberts v. Legacy Meridian Park Hosp., Inc.*, __ F. Supp. 3d __, 2015 WL 1608088, at *10 (D. Or. Apr. 10, 2015) (plaintiff impliedly waived privilege, but "[i]n light of the Court's ruling, [the plaintiff], in all fairness, should be given an opportunity to decide whether to continue to offer his statement"); *Verinata Health, Inc. v. Sequenom*, 2014 WL 2600499, at *3 (N.D. Cal. June 10, 2014) (party could avoid implied waiver by 'disavow[ing] [its] use" of former employee's testimony), *vacated in part on other grounds*, 2014 WL 4076319; *Radware, Ltd. v. A10 Networks, Inc.*, 2014 WL 116428, at *3 (N.D. Cal. Jan. 10, 2014) (similar); *Oracle Am., Inc. v. Innovative Tech. Distribs., LLC.*, 2011 WL 2559825, at *2 (N.D. Cal. June 28, 2011) (similar); *Klein v. Demopulos*, 2010 WL 4365840, at *1 (W.D. Wash. Oct. 27, 2010) (permitting party to withdraw claim and defense and explaining that implied waivers "can be abandoned and the corresponding privilege reasserted")..[11]

In contrast, here, Samsung was never given a choice—either before or after the Sanctions Order was entered—whether it wanted to pursue its inadvertence and "no use" arguments and face a waiver of the attorney-client privilege or whether it wanted to abandon the arguments and avoid a waiver. Instead, the magistrate

---

[11]    District courts outside the Ninth Circuit apply the same rule. *See, e.g.*, *Koumoulis v. Indep. Fin. Mktg. Grp., Inc.*, 295 F.R.D. 28, 48 (E.D.N.Y. 2013) (defendants could "choose whether to assert the[ir] affirmative defense or the [attorney-client] privilege"), 29 F. Supp. 3d 142 (E.D.N.Y. 2014); *Oliver v. United States*, 2010 WL 2612738, at *1 (D. Mass. June 25, 2010) (similar).

judge ruled *after* Apple's and Nokia's sanctions motions had been resolved (and *after* Samsung's counsel had paid the ordered sanction) that Samsung's alleged implied waiver required the disclosure of Samsung's privileged communications. This *ex post* waiver and disclosure order turns Ninth Circuit procedure on its head, creating a game of "gotcha" in which a party does not even know that its defenses will result in a finding of waiver until it is too late.

The district court sought to distinguish *Bittaker* and *Oracle* on the ground that "the party [in those cases] was given a choice *ex ante.*" A39. But that is exactly the point and is what should have—but did not—occur here. It also is immaterial (*see id.*) that Samsung's privileged documents have already been submitted for *in camera* review and thereby "put at issue," for this *in camera* submission was compelled by the court (*see* A20199; A20204; *see also* A4678; A4679-80; A4683), and in any event *Bittaker* requires that a privilege holder have an opportunity to abandon an argument *after* it has put privileged materials at issue (*see* 331 F.3d at 720; *see also In re Sims,* 534 F.3d 117, 126, 140 (2d Cir. 2008) (granting mandamus and rejecting district court's ruling that party could not "unring the bell" of an alleged implied waiver after it "renounced" evidence that triggered waiver); *supra*, at 33-34 (citing cases following *Bittaker* to permit withdrawal of argument triggering waiver)). Finally, the district court's statement (A40) that Samsung gained a benefit from its inadvertence and "no use" arguments

is not supported by the Waiver Order (*see* Dkt. 3258),[12] and in any event this is not the legal test.

Thus, for these reasons as well, the Waiver Order should be reversed or at the very least vacated.

## C.    THE DISCLOSURE ORDER IS IN ANY EVENT OVERBROAD

Finally, the district court's order directing Samsung to produce over 300 documents is, in any event, impermissibly broader "than needed to ensure the fairness of the proceedings before it." *Bittaker,* 331 F.3d at 720.  As the *en banc* Ninth Circuit explained in *Bittaker*, courts imposing implied waivers must "closely tailor[] the scope of the waiver to the needs of the opposing party in litigating the claim in question." *Id.* (citing *Kerr v. U.S. Dist. Court,* 426 U.S. 394, 405 (1976) (recognizing importance of ensuring that "balance between petitioners' claim[ ] of ... privilege and plaintiffs' asserted need for the documents is correctly struck"); *Greater Newburyport Clamshell Alliance v. Pub. Serv. Co.,* 838 F.2d 13, 22 (1st Cir. 1988) (holding that plaintiff need disclose only information "for which defendants have so far shown a true need and without which they may be unfairly prejudiced in their defense")).  In *Amlani*, for example, where the defendant argued that he had fired his attorney because prosecutors disparaged the attorney in his

---

[12]    The magistrate judge ruled that a protective order violation need not be intentional (A4890-91), and it was Apple's and Nokia's failure of proof on use—not an affirmative argument by Samsung—that caused the magistrate judge to limit sanctions to recovery of attorneys' fees (A5001).

presence, the Ninth Circuit held that the implied waiver of attorney-client privilege extended only to "those documents or portions of documents relating to the initial withdrawal of [the attorney] and the retention of [other attorneys]," and not to other documents or information. 169 F.3d at 1196.

Here, although the district court stated that the waiver was "narrowly tailored" (A37), neither the district court nor the magistrate judge ensured that the waiver extended only to those documents relevant to whether the violation was intentional and whether the terms of the Apple-Nokia license were used, as required by *Bittaker*. Vacatur is warranted for several reasons.

*First*, neither the magistrate judge nor the district court identified the "92 documents" that they ordered Samsung to produce (A16-17; A37), and it is not apparent from their rulings that they conducted the review necessary to determine whether fairness required disclosure of those unspecified documents. The reference to "92 documents" likely comes from a declaration by Samsung's counsel stating that only 92 of the 279 *tabs* submitted for *in camera* review even included documents that *referred* to the Apple-Nokia license. A16 (citing A5081.) But the declaration also did not identify the numbers for the 92 tabs that referred to the license, and neither the magistrate judge nor the district court ever asked Samsung to identify the tab numbers. The 92 tabs referenced in the declaration from Samsung's counsel in fact contain *313 documents* behind them—

many of which do not even refer to the Apple-Nokia license. A5162; *see supra*, at 12 n.2.

*Second*, as the district court itself acknowledged (A42), the Waiver Order requires Samsung to disclose to Nokia documents referring to licenses with third parties such as Sharp, Philips, and/or Ericsson—documents that are *wholly irrelevant* to the Apple-Nokia license at issue in the protective order proceeding (*see* A5166).

*Third*, to the extent that the district court ordered production of all 313 documents behind the 92 tabs, it disregarded that the majority of the documents has nothing to do with the Apple-Nokia license, let alone the "inadvertence" and "no use" issues specifically. And even if the order could be read as requiring disclosure of only 92 (unspecified) documents that, in some manner, relate to the Apple-Nokia license, it is still overbroad because a mere reference to the Apple-Nokia license is insufficient to show a nexus to either an "intentional" violation or "no use" as would be necessary to require disclosure under Ninth Circuit precedent. *See, e.g.*, *Amlani*, 169 F.3d at 1196.

Accordingly, if the Waiver Order is not reversed, it should be vacated and the case remanded for proceedings to ensure that any waiver is narrowly tailored.

## II. THE DISTRICT COURT ERRED BY NOT SEPARATELY ANALYZING WHETHER SAMSUNG WAIVED ATTORNEY WORK-PRODUCT PROTECTION

Though the Court need not reach this issue if it reverses the Waiver Order for any of the reasons discussed in Part I, *supra*, the district court's failure to address Samsung's claim of attorney work-product protection provides an independent basis for vacatur. Samsung asserted and substantiated objections based on attorney work-product, in addition to the attorney-client privilege, as to every tab compelled by the Waiver Order. *See* A4700 (asserting each document at issue includes "attorney work-product in anticipation of or in the course of litigation"); A5170-910 (Samsung privilege logs asserting work product objections); A4707 (outside counsel declaration explaining that email was sent "to share her mental impressions regarding those litigations"); *see also* A533 (ECF 3220-1; ECF 3220-3) (arguing that Apple and Nokia have failed to demonstrate that work product protection does not apply). But the district court did not consider the work-product protection separately from the attorney-client privilege, instead stating only that "'[i]f waiver occurs, it applies to both attorney-client privilege and work-product immunity' as well as any other privilege that might apply." A40-41.

This was legal error because, under Ninth Circuit law, "waiver of the attorney-client privilege *does not* necessarily mean that the protection afforded by

the work product doctrine is also breached." *Handgards, Inc. v. Johnson & Johnson*, 413 F. Supp. 926, 929-930 (N.D. Cal. 1976) (emphasis added); *see also SNK Corp. of Am. v. Atlus Dream Entm't Co.*, 188 F.R.D. 566, 571 (N.D. Cal. 1999) ("Because the attorney-client privilege and work product doctrine have different standards for waiver, they must be considered separately."); *see also In re Kellogg Brown & Root, Inc.*, 796 F.3d 137, 145 (D.C. Cir. 2015) ("It is hornbook law that '[w]aiver of the [attorney-client] privilege should always be *analyzed distinctly* from waiver of work product.'") (quoting 2 EDNA SELAN EPSTEIN, THE ATTORNEY-CLIENT PRIVILEGE AND THE WORK PRODUCT DOCTRINE 1027 (5th ed. 2007)) (emphasis altered).

The two privileges are treated differently because "[t]he policies and purposes of the work product doctrine differ from those underlying the attorney-client privilege." *Handgards*, 413 F. Supp. at 929. On the one hand, "[t]he purpose of the attorney-client privilege is to encourage the complete disclosure of information between an attorney and his client." *Id.* at 929-930. In contrast, "[t]he work product doctrine ... is aimed at protecting the effectiveness of a lawyer's trial preparations by immunizing such materials from discovery." *Id.* at 930.

The authorities upon which the district court relied (A41) are not to the contrary. Neither *Landmark Screens, LLC v. Morgan, Lewis & Bockius LLP*, 2009 WL 3415375, at *2 (N.D. Cal. Oct. 21, 2009), nor the footnote it cites from

*Bittaker*, *see* 331 F.3d at 722 n.6, addresses opinion work product. *Shared Medical Resources, LLC v. Histologics, LLC*, 2012 WL 5570213 (C.D. Cal. Nov. 14, 2012), concerned waiver of "'factual' or 'non-opinion' work-product," *id.* at *5 (citing *QBE Ins. Co. v. Jorda Enters., Inc.,* 2012 WL 4089890, at *2 (S.D. Fla. 2012)). And *Great American Assurance Co. v. Liberty Surplus Insurance Corp.*, 669 F. Supp. 2d 1084 (N.D. Cal. 2009), addressed the *voluntary disclosure* of attorney work-product, *see id.* at 1092, which is not alleged to have occurred here.

Because it did not consider attorney work-product protection separately, the district court erred in ordering disclosure of opinion work-product without determining that the rigorous prerequisites to such disclosure are satisfied. Under governing Ninth Circuit precedent, "opinion work product may be discovered and admitted when mental impressions are *at issue* in a case and the need for the material is compelling." *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992); *Handgards*, 413 F. Supp. at 933 (similar). The district court, however, ordered disclosure of opinion work product here without determining that the opinion work product in Samsung's *in camera* documents was at issue or that Apple or Nokia had a compelling need for Samsung's attorneys' mental impressions. Thus, at the very least, the Waiver Order should be vacated and the case remanded so that the district court can assess in the first instance whether the rigorous standard for obtaining opinion work product is satisfied.

## III.  MANDAMUS RELIEF IS WARRANTED IN THE EVENT THIS COURT LACKS APPELLATE JURISDICTION

Although jurisdiction here is proper under 28 U.S.C. § 1295(a)(1), in the event the Court determines the Order is not an appealable "final decision," it should exercise its discretion to treat this appeal as a petition for writ of mandamus.  *See, e.g.*, *GTNX, Inc. v. INTTRA, Inc.,* 789 F.3d 1309, 1312 (Fed. Cir. 2015);  *In re Cuozzo Speed Techs., LLC*, 793 F.3d 1268, 1275 n.5 (Fed. Cir. 2015). As this Court has recognized, "mandamus may properly be used as a means of immediate appellate review of orders compelling the production of documents claimed to be protected by privilege or other interests of confidentiality."  *In re MSTG, Inc.*, 675 F.3d 1337, 1342 (Fed. Cir. 2012) (quotation omitted).   The circumstances here warrant such review if appellate jurisdiction is lacking.

A writ of mandamus should issue where: (1) the petitioner has a clear right to legal relief; (2) there are no adequate alternative legal channels of relief; and (3) mandamus is appropriate under the circumstances.  *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380-81 (2004).  Each of these requirements is satisfied.

*First*, Samsung has a clear and indisputable right to relief from the district court's implied waiver ruling because that ruling conflicts with unambiguous Ninth Circuit authority in ordering disclosure in the absence of any affirmative act putting privileged material at issue (*see supra*, at 20-30), without an adequate showing that there was a vital need to pierce Samsung's privilege (*see supra*, at 30-

42

33), without affording Samsung any opportunity to withdraw its supposedly waiver-inducing arguments (*see supra*, at 33-36), and without separately considering the protections of the work-product doctrine (*see supra*, at 39-41). *See, e.g.*, *In re EchoStar Comm'cns Corp.*, 448 F.3d 1294, 1305 (Fed. Cir. 2006) (mandamus granted where district court abused discretion extending privilege waiver to attorney work product); *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 804-08 (Fed. Cir. 2000) (mandamus granted where district court wrongly concluded that record was not privileged); *accord In re Kellogg Brown & Root*, 756 F.3d at 757-60; *In re Sims*, 534 F.3d at 130-42.

*Second*, if the Court determines it lacks jurisdiction under § 1295(a)(1), Samsung will have no adequate alternative to mandamus to obtain relief from the district court's waiver determination, and will likely be required to produce privileged documents in spite of the district court's legal errors.

*Third*, because mandamus is a well-established means of preventing wrongful exposure of privileged communications, as well as an appropriate means to address the novel implied waiver issues presented in the Waiver Order, the requirements for the writ to issue are present. *See, e.g.*, *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 110 (2009) (mandamus appropriate to address "particularly injurious [and] novel privilege ruling"); *In re Spalding*, 203 F.3d at

804 (mandamus appropriate "to prevent the wrongful exposure of privileged communications") (citation omitted).

## CONCLUSION

The order should be reversed or, alternatively, vacated and the case remanded for further proceedings.

Dated:  October 21, 2015

Respectfully submitted,

/s/ Kathleen M. Sullivan

Michael T. Zeller
Robert J. Becher
B. Dylan Proctor
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Kathleen M. Sullivan
William B. Adams
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100
kathleensullivan@quinnemanuel.com

Victoria F. Maroulis
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

*Attorneys for Defendants-Appellants*

# **ADDENDUM**

# ADDENDUM

## TABLE OF CONTENTS

| | |
|---|---|
| Order re: Motions to Compel (Dkt. 3237) | A1 |
| Order Denying Samsung's Motion for Relief From Nondispositive Order of Magistrate Judge (Dkt. 3258) | A19 |

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| APPLE INC., | ) | Case No.: 5:11-cv-01846-LHK-PSG |
| Plaintiff, | ) | **ORDER RE: MOTIONS TO COMPEL** |
| v. | ) | |
| SAMSUNG ELECTRONICS CO., LTD., et al., | ) | **(Re: Docket Nos. 3212, 3213)** |
| Defendants. | ) | |

Day 1,449 in this case.

Following remand by the district judge on two issues arising out of the undersigned's January 29, 2014 sanctions order, Plaintiff Apple Inc., Defendants Samsung Electronics Co., Ltd. et al. and non-party Nokia Corporation dispute whether Samsung may withhold as privileged 279 tabbed documents submitted for in camera review. Through a combination of its privilege log, briefs, declarations and this court's in camera review, Samsung succeeds in showing the documents it submitted were, as a whole, privileged. But by placing the contents of the documents at issue, distributing them and disclosing what they say and do not say in the sanctions proceedings,

1

Case No.: 5:11-cv-01846-LHK-PSG
ORDER RE: MOTIONS TO COMPEL

Samsung waived that privilege. The result is that the court GRANTS Apple's and GRANTS-IN-PART Nokia's motions to compel, as explained below.

## I.

The Ninth Circuit describes elements of the attorney-client privilege this way: "(1) [w]hen legal advice of any kind is sought (2) from a professional legal adviser in his or her capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are, at the client's instance, permanently protected (7) from disclosure by the client or by the legal adviser (8) unless the protection be waived."[1] "Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed."[2] Claims of privilege must be particularized.[3]

The party asserting the privilege bears the burden of establishing all necessary elements.[4] In particular, a party asserting privilege must "describe the nature of the documents . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."[5] The most common way to do this is with a privilege log. In the Ninth Circuit, a privilege log must identify "(a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all

---

[1] *United States v. Martin*, 278 F.3d 988, 999-1000 (9th Cir. 2002) (citing 8 WIGMORE, EVIDENCE § 2292, at 554 (McNaughton rev. 1961)).

[2] *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009).

[3] *See* Fed. R. Civ. P. 26(b)(5); *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251, 264 (D. Md. 2008).

[4] *Id.* at 608; *Martin*, 278 F.3d at 999; Fed. R. Civ. P. 26(b)(5)(A).

[5] Fed. R. Civ. P. 26(b)(5)(A); *see also Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. Of Mont.*, 408 F.3d 1142, 1148 (9th Cir. 2005) (explaining that a party claiming privilege must "provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection.") (citing Rule 26(b)(5) Advisory committee's Note (1993 Amendments)).

2

Case No.:  5:11-cv-01846-LHK-PSG
ORDER RE:  MOTIONS TO COMPEL

United States District Court
For the Northern District of California

persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated."[6] The failure to substantiate privilege in a log also may waive the privilege.[7] But claims of privilege may pass muster despite an inadequate privilege log.[8] Briefs, declarations or other proof may establish the purpose of the communication or the specific role of the sender and each individual recipient.[9] In camera review, often a court's last resort, also may enlighten the court's assessment of the privilege of the documents.[10]

This court previously held that Samsung and its attorneys violated the protective order by repeatedly distributing unredacted copies of an expert report from Dr. David Teece.[11] As part of its evaluation, the court conducted an exhaustive in camera review of voluminous documents claimed by Samsung as privileged. The result was an order to Samsung to show cause why sanctions were not warranted, and why privilege was claimed as to 11 particular documents.[12] Not satisfied with

---

[6] *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992) (citing *Dole v. Milonas*, 889 F.2d 885 (9th Cir. 1989)); *see also Trejo v. Macy's, Inc.*, Case No. 5:13-cv-02064-LHK, 2014 WL 1091000, at *2 (N.D. Cal. Mar. 17, 2014) (listing similar factors); PAUL W. GRIMM, CHARLES S. FOX & PAUL MONK SANDLER, DISCOVERY PROBLEMS AND THEIR SOLUTIONS, 62-65 (same).

[7] *See Dorf & Stanton Commc'ns, Inc. v. Molson Breweries*, 100 F.3d 919, 923 (Fed. Cir. 1996) (affirming a waiver of privilege where party "fail[ed] to provide a complete privilege log demonstrating sufficient grounds for taking the privilege").

[8] *See, e.g.*, *Sann v. Mastrian*, Case No. 1:08-cv-1182-JMS, 2010 U.S. Dist. LEXIS 126168, at *4 (S.D. Ind. Nov. 29, 2010); *Muro v. Target Corp.*, 250 F.R.D. 350, 360 (N.D. Ill. 2007).

[9] *See Victor Stanley, Inc.*, 250 F.R.D. at 267 ("If . . . the requesting party challenges the sufficiency of the assertion of privilege protection, the asserting party may no longer rest on the privilege log, but bears the burden of establishing an evidentiary basis—by affidavit, deposition transcript, or other evidence—for each element of each privilege protection claimed for each document or category of document.").

[10] *See, e.g.*, *Charter Oak Fire Ins. Co. v. Am. Capital, Ltd.*, Case No. 09-cv-0100-DKC, 2013 WL 6844359, at *6-12 (D. Md. Dec. 24, 2013).

[11] *See* Docket No. 2935.

[12] *See* Docket No. 2689.

3

Case No.: 5:11-cv-01846-LHK-PSG
ORDER RE: MOTIONS TO COMPEL

United States District Court
For the Northern District of California

Samsung's response on sanctions, and because the Teece report plainly disclosed information confidential to both Apple and Nokia, the court awarded both Apple and Nokia their fees and costs.[13]

After the sanctions order issued, both Samsung and Nokia moved for relief. Samsung's motion made a narrow request: that the court reconsider whether Samsung had waived the attorney-client privilege as to seven particular documents addressed in the order.[14] In granting Samsung's motion, the district judge agreed with Samsung that its prior offer to produce the documents did not waive privilege.[15] But rather than simply decide whether Samsung had waived privilege on alternative grounds or whether Samsung is not entitled to assert privilege over the documents for other reasons, the district judge remanded the matter for further consideration.[16] The district judge denied Samsung's additional motion for relief from the award of fees and costs.[17] In granting-in-part Nokia's motion for relief for access to documents submitted by Samsung in camera,[18] the district judge again remanded the matter, so that the undersigned could consider further whether the privilege shielded the in camera documents. If the documents are indeed

---

[13] See Docket No. 2935.

[14] See id. at 8.

[15] See Docket No. 3194.

[16] See id. at 9-10.

[17] See id. at 2.

[18] The undersigned denied Nokia's previous motion for access to these documents, expressing concern that Nokia sought to engage in perpetual motion practice. See Docket No. 3075 at 16. The court instead required a declaration certifying that remediation was complete. See Docket Nos. 3061, 3106, 3190.

4

Case No.: 5:11-cv-01846-LHK-PSG
ORDER RE: MOTIONS TO COMPEL

United States District Court
For the Northern District of California

1    privileged, then the undersigned must consider whether due process requires that Nokia receive

2    access.[19]

3          Back on this end of the fourth floor, Apple and Nokia filed new motions to compel.[20]

4    Apple's motion seeks only the seven offered documents,[21] while Nokia seeks all documents

5    reviewed in camera to which privilege does not attach.  Apple and Nokia raise three principle

6    arguments.  First, Samsung failed adequately to substantiate its assertions of privilege.  In

7    particular, Samsung did not meet its burden to show privilege because Samsung's claims are too

8    sweeping and generic.  Second, Samsung waived any privilege by putting at issue what the

9    documents do or do not disclose and by making selective and partial disclosures including to

10   numerous people with no apparent connection to this litigation.  Third, Nokia should receive access

11   to the documents, even if they are privileged, to fairly evaluate the court's conclusions regarding

12   protective order violations and sanctions.[22]

13

14

15   _____

[19] *See* Docket No. 3194 at 12.  Although Samsung suggests that the sanctions order could not stand
if the court found that the documents remain privileged, this issue is moot in light of the court's
ruling that Samsung waived any privilege it might have claimed.

[20] *See* Docket Nos. 3212, 3213.  Because the parties raised their arguments during the original
sanctions proceedings, and the district judge expressly ordered the court to consider and address
those same arguments again, the court does not agree with Samsung's characterizations that Apple
and Nokia have waived their privilege challenges.  *See* Docket No. 3194 at 9-10, n.6 (finding
Apple's arguments "have all been previously presented"; instructing the court to consider "Apple's
and Nokia's alternative arguments" on remand and to "rule on any remaining privilege issues in the
first instance"); *see also* Docket Nos. 2505-1, 2557-4, 2825-2.  Nokia also previously argued that
the documents are not privileged or Samsung failed to adequately lay the foundation for privilege
and that Samsung waived any applicable privilege.  *See* Docket No. 2872-5 at 9.

[21] *See* Tabs 6, 19, 20, 215.15, 222, 255 and 272.  The court continues its convention of referring to
documents by the tabbed number of the document in the binders Samsung presented to the court.

[22] Apple also argues the crime-fraud exception applies to the seven offered documents it seeks to
compel.  The crime-fraud exception bars a party from maintaining privilege over attorney-client
communications that are "sufficiently related to" or "in furtherance" of an unlawful act.  *In re
Icenhower*, 755 F.3d 1130, 1141 (9th Cir. 2014).  There is precedent, at least in other circuits,
holding that violations of a protective order are akin to law breaking such that communications
giving rise to protective order violations fall within the crime-fraud exception.  *See, e.g., Positive
Software Solutions, Inc. v. New Century Mortg. Corp.*, 337 F. Supp. 2d 862, 868 (N.D. Tex. 2004),

5

Case No.:  5:11-cv-01846-LHK-PSG
ORDER RE:  MOTIONS TO COMPEL

## II.

The district court has jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367. The matter was referred to the undersigned pursuant to Fed. R. Civ. P. 72(a).

## III.

The Ninth Circuit is clear: a party cannot withhold documents as privileged if it fails to substantiate its privilege assertions.[23] A privilege log might serve to substantiate privilege assertions; so too might briefs, declarations and other proof or in camera review.[24] A party further cannot withhold privileged documents when the party raises a claim or defense that put the privileged communication at issue, discloses the documents to unrelated parties or discloses portions of privileged documents.[25] Though Samsung shows that privilege attaches, its waiver of that privilege warrants production of a subset of those documents.

***First***, before turning to the fundamental issues in dispute, the court must make one observation. While Apple's request for seven documents is narrow, Nokia's request for all of the in camera documents is overly broad, especially for a non-party.[26] Nokia's previous requests for documents were limited to those that related to the scope of Samsung's use of Nokia's confidential business information.[27] Only in its motion for reconsideration did Nokia demand production of all

---

*rev'd on other grounds*, 476 F.3d 278 (5th Cir. 2007). This court need not resolve that question here because, even if the exception does not apply, Samsung cannot maintain privilege over the seven documents in dispute. For the same reasons, the court does not reach Nokia's additional argument that Samsung's disclosures were intentional under Fed. R. Evid. 502(a).

[23] *See Burlington N. & Santa Fe Ry. Co.*, 408 F.3d at 1148.

[24] *See Victor Stanley, Inc.*, 250 F.R.D. at 267.

[25] *Tennenbaum*, 77 F.3d at 340-41; *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002).

[26] *See* Docket No. 3215-3 at 13-15, 20 (citing *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995)); *accord United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999).

[27] *See, e.g.*, Docket No. 2988 at 2; Docket No. 2824 at 6.

6

Case No.: 5:11-cv-01846-LHK-PSG
ORDER RE: MOTIONS TO COMPEL

of the documents.[28]  But many of the privileged documents at issue do not even relate to Nokia,[29] and instead involve Apple's licenses with Sharp, Philips and Ericsson.[30]  Nokia barely endeavors to explain why it is entitled to any of these.

    *Second*, there is no doubt that Samsung's privilege log and declarations have problems. But on balance, the court's review of Samsung's privilege log, briefs, declarations and the in camera documents reveals that Samsung managed to meet its initial burden to show that privilege attaches to the documents.

    Samsung's privilege log provides only generic statements such as "email reflecting legal advice regarding licensing, prepared at the direction of counsel in anticipation of litigation."[31]  "A vague declaration that states only that the document 'reflects' an attorney's advice is insufficient to demonstrate that the document should be found privileged."[32]  Also unclear in the log is why Samsung produced some documents listed on the privilege log in redacted form—albeit with little more revealed than what was provided by the log—while entirely withholding others that include information that need not be redacted.[33]  For some documents, the privilege log does not make clear an attorney was involved.[34]  Even as to communications involving individuals who may be

---

[28] *See* Docket No. 3136.

[29] Docket No. 3215-3 at 1.

[30] *See* Docket No. 3215-3 at 14.  Samsung says production of these documents would violate the protective order, *see* Docket No. 3215-3 at 20, but Nokia, too, is bound.  *See* Docket No. 687.

[31] *See, e.g.*, Docket No. 3213-2 at Tab 24.

[32] *Hynix Semiconductor Inc. v. Rambus Inc.*, Case No. 00-cv-20905-RMW, 2008 WL 350641, at *3 (N.D. Cal. Feb. 2, 2008).

[33] *Cf.* Tab 222; Tab 225.

[34] *See, e.g.*, Tabs 24, 57, 225, 261, 261.4, 261.7, 261.9, 261.12, 261.13, 261.14, 261.15, 261.16, 261.18, 261.22, 261.25, 261.28, 261.29, 261.30, 261.31, 261.36, 261.39, 261.40, 261.41, 270, 273, 275.

7

Case No.:  5:11-cv-01846-LHK-PSG
ORDER RE:  MOTIONS TO COMPEL

lawyers, "[t]he fact that a person is a lawyer does not make all communications with that person privileged."[35] "[A] single email of a 'legal nature' does not privilege the entire email thread."[36] It was in light of complaints from both Apple and Nokia about the sufficiency of these statements and Samsung's urging that the legal purpose of the documents was "facially obvious"[37] that the court granted in camera review.

A look at the documents shows privilege attaches. As to 11 of the documents, in its show cause order, the court noted that "many if not all of [the 11 documents cited in footnotes 10-15] do not appear aimed at or in furtherance of legal counsel, but rather a simple business purpose would have served as cause for the communication."[38] "No privilege can attach to any communication as

---

[35] *Martin*, 278 F.3d at 999.

[36] *In re Chase Bank USA, N.A. Check Loan Contract Litigation*, Case No. 3:09-md-2032-MMC, 2011 WL 3268091 at *6 (N.D. Cal. July 28, 2011) (conducting in camera review of privilege as to 20 documents and ordering defendants to reevaluate the remaining 2,870 disputed documents pursuant to the provided analysis); *Datel Holdings Ltd. v. Microsoft Corporation*, Case No. 09-cv-05535-EDL, 2011 WL 866993 at *6 (N.D. Cal. Mar. 11, 2011) (finding attorney-client privilege only applied to the original email in an email chain).

[37] *See, e.g.*, Docket No. 3213-2 at Tab 236 (arguing "the privilege log makes clear" a Samsung attorney later sent an email containing a FOSS Patents blog post though it lists "FOSS Patents" in the "From/Author" column, with no explanation as to how or why a blogger could send Samsung employees an "[e]mail seeking legal advice regarding licensing issues, prepared in anticipation of litigation.").

[38] *See* Docket No. 2689 at n.16. In support of this finding, the court cited to *McCaugherty v. Siffermann*, 132 F.R.D. 234, 238 (N.D. Cal. 1990), which held that privilege does not attach to communications to which a business purpose would have served as a sufficient cause. In response, Samsung argues that "the test for both attorney-client privilege and work-product protection is not 'whether litigation was a primary or secondary motive behind the creation of a document,' but rather whether, under 'the totality of the circumstances,' it 'can fairly be said that the 'document was created because of anticipated litigation.'" Docket No. 2807 at 10. In fact, the Ninth Circuit has not ruled on the application of this test with respect to claims of attorney-client privilege. In support of its contention that the "because of" standard has been applied to the attorney-client privilege, Samsung cites to *In re CV Therapeutics, Inc. Securities Litig.*, Case No. 03-cv-3709, 2006 WL 1699536 (N.D. Cal. June 16, 2006), an unpublished case applying the test. This case in no way "extends" the "because of" test to bind this court. Other courts within the circuit have expressly rejected application of the "because of" test with respect to the attorney-client privilege. *See Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 629 (D. Nev. 2013) (finding that "given that the Ninth Circuit has not expressly ruled that the 'because of' test has supplanted the 'primary purpose' test in the attorney-client privilege context, the court will continue to adhere to the 'primary purpose' test"). Judges within the Northern District of California have likewise recognized the fact that this test has not been extended to documents for which claims of attorney-

8

Case No.: 5:11-cv-01846-LHK-PSG
ORDER RE: MOTIONS TO COMPEL

United States District Court
For the Northern District of California

to which a business purpose would have served as a sufficient cause, i.e., any communication that would have been made because of a business purpose, even if there had been no perceived additional interest in securing legal advice."[39]  The court gave Samsung one more chance to show privilege as to these documents, and Samsung responded with further briefs and declarations.[40]  As the court indicated in a footnote in its sanctions order noting that only cited portions were not privileged, Samsung succeeded in showing privilege attached to each document as a whole.[41]  The in camera review served its purpose.

    ***Third***, although Samsung has met its initial burden to show privilege, Samsung ultimately waived it as to a subset of the documents.  This is not an offer-based waiver of the type previously addressed both by the undersigned and the district judge.[42]  Rather, Samsung placed the documents at issue,[43] partially disclosed privileged documents[44] and distributed privileged documents to unrelated parties.

---

client privilege are made.  *See MediaTek Inc. v. Freescale Semiconductor, Inc.*, Case No. 4:11-cv-05341-YGR, 2013 U.S. Dist. LEXIS 147032 (N.D. Cal. Oct. 10, 2013) (noting that different courts have applied differing tests and declining to choose which to apply).  Thus, this court is free to apply the "primary purpose" test set forth in *McCaugherty* to Samsung's claims of attorney-client privilege.

[39] *McCaugherty*, 132 F.R.D. at 238.

[40] *See* Docket No. 3807.

[41] *See* Docket No. 2935 at 4 n.13.

[42] *See* Docket No. 3194 at 8-10.

[43] *See* Docket No. 3212 at 4.

[44] While Samsung argues the court compelled its disclosures in response to Nokia's challenges, *see, e.g., Transamerica Computer Co. v. IBM Corp.*, 573 F.2d 646, 651 (9th Cir. 1978) (noting the "general acceptance of the principle that waiver cannot result from compelled production"), the court only invited Samsung to support its privilege claims—*see* Docket No. 2689 at 4, n.16; Docket No. 2807 at 1—Samsung chose to discuss the content of withheld documents in urging that no sanctions issue.

9

Case No.:  5:11-cv-01846-LHK-PSG
ORDER RE:  MOTIONS TO COMPEL

*United States District Court*
*For the Northern District of California*

The principle purpose of the doctrine of waiver is "to protect against the unfairness that would result from a privilege holder selectively disclosing privileged communications to an adversary, revealing those that support the cause while claiming the shelter of the privilege to avoid disclosing those that are less favorable."[45] Even where there is no disclosure, fairness requires a waiver when the privilege holder raises a claim or defense that puts privileged communications at issue.[46] "The principle is often expressed in terms of preventing a party from using the privilege as both a shield and a sword. . . . In practical terms, this means that parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials. The party asserting the claim is said to have implicitly waived the privilege."[47] Even in a Rule 11 proceeding, parties are not obligated to disclose privileged information; they have the opportunity to decide whether to make such a disclosure, and once privileged information is affirmatively relied on, any privilege that may attach is impliedly waived.[48]

While "privileged communications do not become discoverable simply because they are related to issues raised in the litigation,"[49] "[w]here a party raises a claim which in fairness requires

---

[45] *Tennenbaum*, 77 F.3d at 340-41.

[46] *Id.* at 341 n.4.

[47] *Oracle America, Inc. v. Innovative Technology Distributors, LLC*, Case No. 5:11-cv-01043-LHK, 2011 WL 2559825, at *1 (N.D. Cal. June 28, 2011) (denying motion for permission to lodge attorney-client privileged documents for in camera review and providing party option of either waiving privilege or abandoning request to consider the documents) (citing *Bittaker v. Woodford*, 311 F.3d 715, 719 (9th Cir. 2003)).

[48] *See Shared Medical Resources LLC v. Histologies LLC*, Case No. 12-cv-0612-DOC, 2012 WL 5570213 at *4 (C.D. Cal. Nov. 14, 2012).

[49] *Amlani*, 169 F.3d at 1195.

10

Case No.: 5:11-cv-01846-LHK-PSG
ORDER RE: MOTIONS TO COMPEL

disclosure of the protected communication, the privilege may be implicitly waived."[50]  A party may avoid waiver by not voluntarily disclosing privileged information.[51]

Samsung put the disputed documents at issue by raising affirmative defenses about inadvertence and whether Nokia's confidential information actually was used.[52]  Samsung's affirmative defenses extended beyond mere denial, because neither Apple nor Nokia alleged the disclosures were intentional, and proof of violation of the protective order did not rely on use.  For example, Samsung referenced privileged communications to argue there is "no evidence that anyone deliberately, with a purpose of sharing information that should not be shared at any time disclosed that information.  We are talking about inadvertent disclosures."[53]  Samsung also used privileged communications to justify its argument that although there was disclosure, no recipient used Nokia's confidential business information:  "And the uncontroverted evidence shows that the

---

[50] *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) (citing *United States v. Blizerian*, 926 F.2d 1285, 1292 (2d Cir. 1991)).

[51] *See Shared Medical Resources LLC*, 2012 WL 5570213 at *3.

[52] *See Genentech, Inc. v. Insmed Inc.*, 236 F.R.D. 466, 469 (N.D. Cal. 2006) (stating that if the attorney-client communications were put into issue, the party would have to disclose "any confidential communications that may verify or disprove the truth of such testimony").

[53] Docket No. 2883 at 6:4-7; *see also* Docket. No. 2485 at 47:18–48:4 ("[Counsel]: There's an intent of willfulness requirement for a violation of a protective order.  Now if you are going to ask me can there be a violation without sanctions, that's a different issue.  But the way the courts have addressed violations and protective orders is they ask a key question, and I can give you plenty of cites, yes, there was a disclosure.  Was it willful, in this case, no.  Did you follow the procedures under the protective order to remediate the situation?  And where the answer is yes, courts as a rule have said we are not going to sanction you."); Docket No. 1495 at 1 ("[T]here is no basis for finding the type of protective order violation that could possibly justify any such [discovery] order.  The disclosure arose from an inadvertent failure to redact a few lines of a 295-paragraph report that was otherwise properly redacted."); Docket No. 2835-5 at 11 ("There is no longer any dispute that Quinn Emanuel's disclosure of confidential licensing information was inadvertent.  No piece of evidence adduced in the massive discovery conducted either voluntarily or pursuant to the Court's October 2 Order has revealed even the slightest indication that any disclosure was intentional rather than inadvertent, nor does Apple, Nokia, or even the OSC allege as much."); Docket No. 2871-4 at 6 ("[T]here is no evidence that Samsung or Quinn Emanuel acted willfully or in bad faith."); *id.* at 8 ("There is *no evidence* that Quinn Emanuel or Samsung ever realized that the report transmitted in December 2012 had been transmitted before.") (emphasis in original).

11

Case No.:  5:11-cv-01846-LHK-PSG
ORDER RE:  MOTIONS TO COMPEL

incomplete redaction was inadvertent and that Samsung never used the alleged confidential information."[54]

Samsung protests that it relied on only non-privileged information,[55] but the record proves otherwise.[56] Improperly invoking privilege as a shield and a sword, Samsung's use placed the privileged information at issue while improperly limiting Apple and Nokia's ability to assess or challenge these assertions.[57] This waived privilege.[58]

---

[54] Docket No. 2871 at 2; *see also, e.g.*, Docket No. 2835 at 12 ("In any event, there is no evidence that the report was distributed *because* it had been incompletely redacted or that any individual who received the report used the confidential information contained therein.") (emphasis in original); Docket No. 2581 at 55:14-16 ("[T]he undisputed evidence is that Mr. Shim asked that because it [became] relevant to a case in Texas called Microenergy—*Microunity* that he asked for that purpose."); 2835 at 14 (arguing no use of the Nokia-Apple license terms from the Teece Report in Tab 6 and that analysis in Tab 222 originated from materials outside the Protective Order); *id.* at n.8 (arguing Tab 255 does not contain any information taken from the Teece Report); Docket No. 2835 at 13 (citing a partially redacted paragraph of the declaration of Jennifer Selendy (Docket No. 2807-13, ¶ 7) as an "undisputed record" that the improperly disclosed confidential information was not used in negotiations with Ericsson); *id.* at 14 (citing (i) partially redacted paragraphs of the declaration of Helen Hopson (Docket No. 2807-06, ¶¶ 5-8) as evidence that Samsung's foreign counsel did not use the improperly redacted Teece Report, (ii) a partially redacted paragraph of the declaration of Laetitia Benard (Docket No. 2807-16, ¶ 5) as evidence that circulated information came from public sources, and (iii) a partially redacted paragraph of the declaration of Daniel Shim (Docket No. 2807-14, ¶ 5) as evidence that licensing information in emails was "necessarily *not*" derived from the Teece Report); *id.* at 17 (citing partially redacted paragraphs of the declaration of Indong Kang (Docket No. 2807-07, ¶¶ 2-4, 7) as evidence that analysis of "a potential extension of an Apple-Nokia license" did not contain information derived from materials produced pursuant to the Protective Order); Docket No. 2835 at 13-14, 17; Docket No. 2935 at 14 ("[T]he court does not find Shim's explanation that he never used the insufficiently redacted Teece Report credible"); *id.* at n.17 (noting that the reasoning provided in a declaration as to why an email highlighted "the detailed terms of the Apple-Nokia license" did not appear anywhere on the face of the document). *See, e.g.*, *Oracle America, Inc.*, 2011 WL 2559825, at *1 ("In practical terms, this means that parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials. The party asserting the claim is said to have implicitly waived the privilege."); *Chevron Corp.*, 974 F.2d at 1156.

[55] *See* Docket No. 3215-3 at 12.

[56] *See, e.g.*, Docket No. 3213 at 10-12 (citing directly to redacted paragraphs); Docket No. 2835 at 13 (quoting a redacted sentence and paraphrasing Docket No. 2807-13, ¶ 7).

[57] *Amlani*, 169 F.3d at 1195-96 ("Amlani 'cannot invoke the attorney-client privilege to deny [the government]. . . access to the very information that [the government]. . . must refute" in order to

12

Case No.: 5:11-cv-01846-LHK-PSG
ORDER RE: MOTIONS TO COMPEL

United States District Court
For the Northern District of California

While the at-issue doctrine applies to all documents related to an entire claim or defense,[59] Samsung argues that where a court finds an implied waiver, this finding does not require "disclosure of the materials categorically; rather, the court directs the party holding the privilege to produce the privileged materials *if* it wishes to go forward with its claims implicating them."[60] Samsung maintains it has never been informed by the court that pursuing its defenses would lead to a waiver and thus has never had any opportunity to consider whether to alter those defenses. But the Ninth Circuit has never required prior notice from a court of a potential waiver, and Samsung has been on notice from Apple and Nokia that it risked waiver of its claims of privilege for nearly a year and a half.[61]

As to selective, partial disclosures, "[o]nce a litigant decides to affirmatively rely on privileged information thereby placing said information into issue . . . any privilege that may attach is impliedly waived."[62] This rule aims "to protect against the unfairness that would result from a privilege holder selectively disclosing privileged communications to an adversary, revealing those that support the cause while claiming the shelter of the privilege to avoid disclosing those that are less favorable."[63]

---

discredit Amlani's claims.); *see also* Docket No. 2883 at 23:19–24:1 (arguing that the court need not consider inconsistencies in Shim's deposition testimony because the court has access to contemporaneous documents); Docket No. 2556-5 at 2 ("[T]he record provides no support whatsoever for Apple's and Nokia's inflammatory allegations that Samsung misused the inadvertently-disclosed confidential licensing information.").

[58] *Oracle America, Inc.*, 2011 WL 2559825, at *1.

[59] *See Chevron*, 974 F.2d at 1162.

[60] *Bittaker*, 331 F.3d at 720-21.

[61] *See* Docket No. 2557-4 at 2, 13; Docket No. 2558-3 at 12-13.

[62] *Shared Medical Resources*, 2012 WL 5570213 at *4 (citing *QBE Ins. Co. v Jorda Enterprises Inc.*, Case No. 10-cv-21107-CIV, 2012 WL 4089890 at *2 (S.D. Fla. Sept. 17, 2012)).

[63] *Tennenbaum*, 77 F.3d at 340-41.

13

Case No.: 5:11-cv-01846-LHK-PSG
ORDER RE: MOTIONS TO COMPEL

Samsung may have acted reasonably in disclosing certain information about the withheld or redacted documents, such as the identities of senders and recipients. But Samsung went further by also disclosing information contained in withheld or redacted documents. For example, Samsung disclosed details about Tabs 19, 20 and 272 when explaining that a request for the Teece report had to do with another case unrelated to Apple licensing information.[64] Further, in pursuit of Samsung's affirmative defense that it took corrective action following the protective order violation, Samsung selectively disclosed information it had deemed privileged. The so-called "corrective action" still was not fully redacted according to the protective order's constraints.[65]

Samsung's statements to the effect of "does not contain confidential license information"; "does not discuss Dr. Teece's report"; "contains no information derived from materials produced pursuant to the protective order" and "I did not instruct others to use, and I am not aware of anyone from Samsung using, for any reason, information about the terms of any Apple license agreement with Nokia or any other company obtained from any version of the Teece report that I received or

---

[64] *See, e.g.*, Docket No. 2556-16 at ¶ 8; Docket No. 2395-03 at 2; Docket No. 2485 at 45:7-11, 46:9-14; Docket No. 2807-1; Docket No. 2807-12 at ¶ 6; Docket No. 2807-14 at ¶ 4; Docket No. 2581 at 55:12-20, 59:9-14, 59:24-60:3, 61:2- 5, and 65:14-66:3; *compare* filings cited in Docket No. 3213 at 12-15 *with* Docket Nos. 3163-3, 3154-4, 3164-5.

[65] *See* Docket No. 2395 at n.28 ("This version of the Teece Report still contained unredacted information regarding Ericsson's license with Apple, but in a different section of the report."); Docket No. 2581 at 61:2-11 ("At the second hearing on Apple's Motion, Samsung attempted to defend its failure to follow the Protective Order's notification provisions by arguing that, even though at least one Quinn Emanuel attorney knew that at least one Samsung employee received the unredacted confidential information in the Teece Report, neither Samsung nor Quinn Emanuel knew other disclosures had occurred: This person discovered it, but this person didn't have the knowledge or didn't put it together that this wasn't a report put on the FTP site last month or sent out in the interim. . . . So, I mean, if it had been the same person, I would certainly like to believe that they would realize, oh my goodness, we have been sending this out people have seen this it was on the FTP site last March, we sure as heck better do something about it. This person didn't know so that's why that didn't happen."); Docket No. 2871-4 at 8 ("There is *no evidence* that Quinn Emanuel or Samsung ever realized that the report transmitted in December 2012 had been transmitted before.") (emphasis in original); Docket No. 2883 at 34, 94 (admitting the associate who redacted the report in March was the same associate who discovered the incomplete redactions).

14

Case No.:  5:11-cv-01846-LHK-PSG
ORDER RE:  MOTIONS TO COMPEL

United States District Court
For the Northern District of California

distributed" may not facially appear to reveal confidential information. In the context of defenses

aimed to mitigate Samsung's admitted disclosure of confidential information contrary to the

protective order, however, these arguments go beyond "mere denials"[66] and are more than just

"related to issues raised in the litigation."[67] They go the merits. A party may neither disclose nor

dispute contents of documents while simultaneously concealing other portions under a claim of

privilege, when the truth of the party's statements "can only be assessed by examination of the

privileged communication."[68]

Samsung further fails to explain why it disclosed documents associated with the Teece

report to many individuals with no apparent connection to this litigation.[69] To be sure, the

privilege may attach where "employees discuss or transmit legal advice given by counsel."[70] But

as an example, Tab 215 shows "pervasive distribution of . . . [sensitive business information] to

Samsung employees who were not authorized to have access to it."[71] "Because in-house counsel

may operate in a purely or primarily business capacity in connection with many corporate

---

[66] See, e.g., Laser Indus., Ltd. v. Reliant Techs., Inc., 167 F.R.D. 417, 446 (N.D. Cal. 1996) ("[D]enials of knowledge of the undisclosed prior art did not purport to disclose the contents of a specific communication . . . and do not appear to go beyond 'mere denial[s].'").

[67] See Amlani, 169 F.3d at 1195 ("[P]rivileged communications do not become discoverable simply because they are related to issues raised in the litigation.") (citation omitted).

[68] See Docket No. 3212 at 4; In re Kidder Peabody Sec. Litig., 168 F.R.D. 459, 470 (S.D.N.Y. 1996) (finding waiver where holder "makes factual assertions the truth of which can only be assessed by examination of the privileged communication"); Fed. R. Civ. P. 26(b)(5)(A) (providing that parties must justify privilege claims "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim"); see also Hawkins v. Stables, 148 F.3d 379, 384 (4th Cir. 1998).

[69] See Docket No. 2557-23 at 2-3 (listing 33 recipients for the document at Tab 6); see also Docket No. 2935 at 14 (finding the Teece Report "went to hundreds of people who were in no way involved in the Apple litigation"); see also Docket No. 3212 at 3.

[70] ChevronTexaco Corp., 241 F. Supp. 2d at 1076.

[71] Docket No. 2689 at 3.

15

Case No.: 5:11-cv-01846-LHK-PSG
ORDER RE: MOTIONS TO COMPEL

endeavors, the presumption that attaches to communications with outside counsel does not extend to communications with in-house counsel."[72]  Samsung offers nothing to establish that the in-house counsel identified were not acting in a purely or primarily business capacity.  Samsung's declarations address only Tab 6, and they claim only that the Teece declaration was relevant to "aspects of the global Apple litigations" rather than this specific case, contrary to the requirements of the protective order.[73]  Nor do the declarations show that each recipient was "directly concerned with" or had "primary responsibility for the subject matter of the communication."[74]  And while Samsung complains that Apple and Nokia offer "no basis" for disputing Samsung's description of the emails as having sent to each recipient for providing Samsung with legal advice, what Samsung ignores is that the burden lies of proof here lies with Samsung, and Samsun has failed even the most generous read of its threshold burden.[75]

## IV.

The court is satisfied that Samsung has waived privilege as to the 92 documents relevant to Nokia's confidential business information,[76] which comprise the tabs cited by the court in its sanctions order as well as Apple's requested seven documents.  In the case of implied waiver, the court "must impose a waiver no broader than needed to ensure the fairness of the proceedings

---

[72] *ChevronTexaco Corp.*, 241 F. Supp. 2d at 1076.

[73] *See* Docket No. 3213-2; Docket No. 3214 at 1, 8; Docket No. 687 at 5 ("All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation.").

[74] *Barton v. Zimmer Inc.*, Case No. 1:06-cv-208-RBC, 2008 WL 80647, at *4 (N.D. Ind. Jan. 7, 2008).

[75] *See Ruehle*, 583 F.3d at 607; *Martin*, 278 F.3d at 999; Fed. R. Civ. P. 26(b)(5).

[76] *See* Docket No. 3215-3 at 20; Docket No. 3215-4 at ¶ 2.

16

Case No.:  5:11-cv-01846-LHK-PSG
ORDER RE:  MOTIONS TO COMPEL

United States District Court
For the Northern District of California

before it."[77]  Access only to those documents is fair because Samsung's deficiencies do not warrant

the harsh sanction of an order of complete production[78] when Nokia's broad requests for waiver

and access are not sufficiently substantiated.  While Samsung bears the burden of showing

privilege, Nokia does not describe how each of the 279 documents are relevant to Nokia as a non-

party, and Nokia does not specifically explain why it should have access to each document.[79]

While the court is—to put it mildly—skeptical about the benefit in prolonging this dispute any

longer, on balance, Nokia and Apple are entitled to relief.  No later than April 10, 2015, Samsung

shall produce unredacted copies of those documents—the 92 documents referencing Nokia to

Nokia, the seven offered documents to Apple.

---

[77] *Bittaker*, 331 F.3d at 720 (under implied-waiver doctrine, court must "closely tailor[] the scope of the waiver to the needs of the opposing party"); *See Hernandez v. Tanninen*, 604 F.3d 1095, 1101 (9th Cir. 2010) (rejecting "blanket waiver of the attorney-client and work product privileges as to the entire case").

[78] Fed. R. Civ. P. 26(b)(5) advisory committee's note (1993); *Ritacca v. Abbott Labs.*, 203 F.R.D. 332, 335 (N.D. Ill. 2001) ("Acknowledging the harshness of a waiver sanction . . . [m]inor procedural violations, good faith attempts at compliance, and other such mitigating circumstances militate against finding waiver. . . . In the end, the determination of waiver must be made on a case-by-case basis.") (citing *First Sav. Bank, F.S.B. v. First Bank Sys., Inc.*, 902 F. Supp. 1356, 1361-63 (D.Kan.1995)).

[79] *See, e.g.*, *Webb v. CBS Broad., Inc.*, Case No. 08-cv-6241-GSB, 2011 WL 111615, at *9 (N.D. Ill. Jan. 13, 2011) ("Privileges must be addressed on a document-by-document and question-by-question basis. *United States v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983). The Webbs do not identify in their submissions any particular entries on CBS's privilege log or any particular deposition questions as to which they challenge CBS's assertion of privilege. Therefore, it is impossible for the court to address whether any assertion of privilege was justified or not."); *Ellis v. Cambra*, Case No. 1:02-cv-05646-AWI, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008) ("If Defendant objects to one of Plaintiff's discovery requests, it is Plaintiff's burden on his motion to compel to demonstrate why the objection is not justified.  Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendant's objections are not justified."); *see also Hupp v. San Diego Cnty.*, Case No. 12-cv-0492-GPC, 2014 WL 1404510, at *6 (S.D. Cal. Apr. 10, 2014) (same).

17

Case No.: 5:11-cv-01846-LHK-PSG
ORDER RE: MOTIONS TO COMPEL

United States District Court
For the Northern District of California

**SO ORDERED.**

Dated: April 3, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

Case No.:  5:11-cv-01846-LHK-PSG
ORDER RE:  MOTIONS TO COMPEL

**A18**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., | Case No. 11-CV-01846-LHK |
| Plaintiff, | **ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE** |
| v. | |
| SAMSUNG ELECTRONICS CO. LTD., et al., | Re: Dkt. No. 3251 |
| Defendants. | |

Before the Court is Samsung's Motion Seeking Relief From Nondispositive Order Of Magistrate Judge. ECF No. 3251 ("Motion"). Specifically, Samsung seeks relief from Judge Grewal's April 3, 2015 Order Re: Motions to Compel ("Waiver Order") which held that Samsung had waived attorney-client privilege as to ninety-two documents (the "Waiver Documents"). ECF No. 3237 at 17. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court DENIES Samsung's motion for relief for the reasons stated below.

## I.  BACKGROUND

The present motion concerns violations of the protective order in this case by Samsung and

1

Case No. 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF
MAGISTRATE JUDGE

**A19**

its counsel, Quinn Emanuel. This Court has previously detailed the procedural and factual history of the protective order violations which, itself, spans nearly 1000 entries on CM/ECF. *See* ECF No. 2374; ECF No. 3237. Thus, the Court recites only the portions relevant for review of the current motion. Waiver Order; *see also* ECF No. 3194; ECF No. 2935 at 2-7.

### A.  Quinn Emanuel And Samsung Violate This Court's Protective Order

In connection with the merits of the parties' patent and trade dress infringement litigation, Samsung had retained Dr. David Teece as a damages expert. Dr. Teece prepared an expert report (the "Teece Report") that disclosed and analyzed the licensing terms of several of Apple's confidential license agreements, including those with Nokia and Ericsson. ECF No. 2935 at 4. In March 2012, Quinn Emanuel had posted an insufficiently redacted copy of the "Teece Report," disclosing these confidential licensing terms, to an FTP site, and emailed instructions for accessing the document to more than 90 Samsung employees. *Id.* The insufficiently redacted Teece Report was widely circulated within Samsung over the course of several months, and more than 200 unauthorized individuals received the confidential license terms in violation of the Court's protective order. *Id.* at 5.

In December 2012, a senior associate at Quinn Emanuel again emailed the insufficiently redacted Teece Report to Samsung. *Id.* After the report had been sent, however, a junior associate at Quinn Emanuel discovered that it had been insufficiently redacted. *Id.* The junior associate reported this fact to the senior associate and a partner at Quinn Emanuel. *Id.* The senior associate at Quinn Emanuel then told the recipient at Samsung to delete the email, and the recipient deleted the email. *Id.* Quinn Emanuel did nothing further. *Id.*

Two weeks later, in January 2013, Quinn Emanuel sent Samsung a "clean" copy of the Teece Report along with an email chain that highlighted precisely where the confidential information could be found in older versions of the document. *Id.* Subsequently, Samsung internally discussed the terms of Apple's license with Ericsson in preparation for Samsung's

2

Case No. 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE

United States District Court
Northern District of California

1   arbitration with Ericsson. *Id.* at 6.

2       In May 2013, Samsung emailed to Quinn Emanuel a copy of the insufficiently redacted

3   Teece Report. *Id.* Quinn Emanuel did nothing in response. *Id.*

4       On June 4, 2013, during negotiations between Samsung and Nokia, Samsung executive Dr.

5   Seungho Ahn recited to Nokia the terms of the Apple-Nokia license described in the Teece Report

6   and said that he had learned the terms from Samsung's lawyers and that "all information leaks."[1]

7   *Id.* at 6.

8       On July 1, 2013, in Case No. 12-CV-630, Nokia moved for a protective order, alleging that

9   Samsung improperly used Nokia's confidential information during those licensing negotiations.

10   *See* Case No. 12-CV-630, ECF No. 647. More than two weeks after Nokia filed its motion, Quinn

11   Emanuel, on July 16, 2013, notified Nokia of the breach that Quinn Emanuel claims to have

12   known about since December 2012—that Samsung had been in possession of Nokia's confidential

13   information by way of the improperly redacted Teece Report. ECF No. 2935 at 15-17. Samsung

14   waited even longer (August 1, 2013) to inform Apple's outside counsel and still longer (August 4,

15   2013) to allow Apple's outside counsel to inform Apple about the breach. *See id.*

16      **B.**    **Sanctions Briefing, Fact Discovery, and Samsung's Defenses**

17       On August 23, 2013, Apple filed a motion for sanctions against Samsung in this case for

18   Samsung's violation of the protective order. ECF No. 2374-2. Apple further sought discovery to

19   uncover the nature and extent of the violation. *Id.* On September 21, 2013, Nokia partially joined

20   Apple's motion to compel discovery. ECF No. 2434.

21      <u>Judge Grewal's Order Granting Apple's and Nokia's Requests for Discovery</u>

22       On October 2, 2013, Judge Grewal granted Apple's and Nokia's requests for additional

23

24

---

25   [1] Mr. Ahn later contended that the number he quoted to Nokia was really an estimate from public information and that he was only joking about violating the protective order in this case. *See id.* at

26   6. However, the insufficiently redacted Teece Report, in Samsung's possession since March 2012, revealed the terms of the Apple-Nokia license. *Id.* at 4.

                                       3

27   Case No. 11-CV-01846-LHK

    ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF

28   MAGISTRATE JUDGE

United States District Court
Northern District of California

discovery after finding that Apple, Nokia, and Judge Grewal lacked even the most basic

information regarding how the improperly redacted Teece Report had been transmitted to

Samsung, how many Samsung employees had accessed the report, and what steps, if any, had

been taken to limit unauthorized access to the confidential information contained therein. ECF

No. 2483 at 4-5. Judge Grewal ordered Samsung to produce numerous documents concerning the

transmissions of the Teece Report and to make various witnesses available for deposition. *Id.* at 5.

Samsung asserted privilege and work-product protection as to numerous documents covered by

the October 2 Order, as documented in a privilege log. *See* ECF No. 3135 at 2; ECF No. 3135-1 ¶

15; ECF No. 3163 at 2. Many of the documents Samsung produced were heavily redacted, *see,*

*e.g.*, ECF No. 3164-3, and depositions of Samsung witnesses were similarly constrained by

assertions of privilege and work-product protection, ECF No. 3163 at 2.

> Judge Grewal Orders *In Camera* Review

On October 22, 2013, Apple, Nokia, and Samsung appeared again before Judge Grewal to

discuss disputes concerning Samsung's production and assertions of privilege and work-product

protection. ECF No. 2581 (hearing transcript). At the close of the hearing, Judge Grewal ordered

Samsung to produce unredacted copies of the documents identified in Samsung's privilege log for

*in camera* review. *Id.* at 90:1-11; ECF No. 2689.

> Judge Grewal's November 8, 2013 Order to Show Cause ("OSC")

In his November 8, 2013 Order to Show Cause Why Sanctions Are Not Warranted, Judge

Grewal determined, based on his exhaustive review of the documents, that "an outline does

emerge suggesting sanctions should issue" based on protective order violations by Samsung and

Quinn Emanuel. ECF No. 2689 at 3. Judge Grewal ordered Samsung and its counsel to file a

brief by December 2, 2013, to show cause why sanctions should not issue, and set a hearing for

December 9, 2013. *Id.* at 4-5.

Judge Grewal also expressed doubt that Samsung had met its burden to establish that

4

Case No. 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF
MAGISTRATE JUDGE

**A22**

United States District Court
Northern District of California

1     privilege and/or work-product protection applied to eleven of the documents produced for *in*

2     *camera* review. *Id.* at 4 n.16. Judge Grewal further expressed that Samsung's claims of privilege

3     "significantly burdens not only Apple and Nokia's ability to address the sanctions issue, but also

4     [Judge Grewal's] ability to tell the full tale of what he has seen." *Id.* However, Judge Grewal

5     afforded Samsung "one further opportunity to demonstrate with specificity how each and every

6     one of the [eleven] documents fall under the protection of either the attorney-client privilege or the

7     work-product doctrine by submitting a brief on the subject" by November 15, 2013. *Id.*

8           <u>Samsung's Response to Judge Grewal's OSC re: Attorney-Client Privilege</u>

9           On November 15, 2013, Samsung submitted an *ex parte in camera* brief in support of its

10    claims that the eleven disputed documents were protected by the attorney-client privilege and

11    work-product doctrine. ECF No. 2757. Apple and Nokia immediately moved to strike Samsung's

12    brief and supporting declarations as improper *ex parte* submissions. *See* ECF Nos. 2772; 2780.

13    On November 18, 2013, Judge Grewal agreed with Apple and Nokia, held that Samsung's *ex*

14    *parte* brief regarding privilege was an improper *ex parte* communication, and ordered Samsung to

15    file by November 19, 2013, Samsung's November 15, 2013 brief with redactions only for

16    attorney-client, work-product, or mediation privileges. ECF No. 2790. Samsung submitted its

17    redacted public briefing on November 19, 2013, which revealed that in conjunction with its brief,

18    Samsung had also submitted ninety-two pages of declarations supporting its claims of privilege.

19    ECF No. 2807. In addition to arguing that the eleven documents were privileged, Samsung also

20    argued, by citing the redacted documents and redacted declarations, that none of the eleven

21    documents show the intentional use of confidential information. *See, e.g.*, *id.* Apple and Nokia

22    each filed responsive briefs urging Judge Grewal to find either that the documents were not

23    privileged or that Samsung had waived any privilege. ECF Nos. 2824, 2825-2.

24

25

26

                        5

27    Case No. 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF

28    MAGISTRATE JUDGE

United States District Court
Northern District of California

1    Samsung's Response to Judge Grewal's OSC re: Sanctions

2        On December 2, 2013, Samsung filed its response to Judge Grewal's November 8, 2013

3    Order to Show Cause. ECF No. 2835. Samsung's response first argued that Judge Grewal could

4    not impose sanctions pursuant to Federal Rule of Civil Procedure 37 because Rule 37 does not

5    apply to protective order violations and, even if it did, it would not apply to inadvertent protective

6    order violations. *Id.* at 8-9. Samsung then raised a "no harm, no foul" defense that, even if Judge

7    Grewal could issue sanctions, sanctions were not warranted in this case because (1) any violations

8    were inadvertent, (2) the leaked confidential information was never used, and (3) Quinn Emanuel

9    at all times complied with the protective order's post-disclosure procedures. *Id.* at 9-20.

10    Judge Grewal's Sanctions Order

11       On January 29, 2014, Judge Grewal issued an Order Granting Motion for Sanctions

12    ("Sanctions Order"), finding that Samsung and Quinn Emanuel violated the protective order by

13    repeatedly distributing the unredacted Teece Report throughout Samsung, and that Quinn Emanuel

14    failed to notify Apple timely of those violations upon discovering them. *See generally* ECF No.

15    2935.[2] Specifically, Judge Grewal found that while Quinn Emanuel's initial insufficient redaction

16    of the Teece Report did not warrant sanctions, hundreds of subsequent violations of the protective

17    order by Samsung and Quinn Emanuel did. *Id.* at 11-17. Judge Grewal rejected Samsung's

18    arguments both that Rule 37 did not authorize sanctions for intentional or inadvertent violations of

19    a protective order and that a protective order is only breached if the violation was intentional,

20    rather than inadvertent. *Id.* at 7-8. Judge Grewal then decided that "Quinn Emanuel shall

21    reimburse Apple, Nokia, and their counsel for any and all costs and fees incurred in litigating this

22    motion and the discovery associated with it." *Id.* at 18. Judge Grewal also required the parties to

23

24    ────────────────

25    [2] Judge Grewal's Sanctions Order cites to various documents by tab number. *See, e.g., id.* at 4 n.13. These tab numbers refer to documents submitted by Samsung for *in camera* review by Judge Grewal. *Id.* Neither Apple nor Nokia were provided with unredacted versions of these

26    documents.

6

27    Case No. 11-CV-01846-LHK
       ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF

28    MAGISTRATE JUDGE

**A24**

United States District Court
Northern District of California

1    participate in a specific protocol for ensuring that future violations of the protective order are less

2    likely to occur. *Id.* at 19.

3          On June 20, 2014, Judge Grewal ordered Samsung and Quinn Emanuel "to pay Nokia a

4    total of $1,145,027.95 and Apple a total of $893,825.77 in fees and costs." ECF No. 3117 at 10.

5          The Parties' Continued Fight Over Samsung's Privilege Assertions

6          On February 2, 2014, Apple wrote a letter to Samsung and requested that Samsung

7    produce "those documents cited in the [Sanctions Order] that Samsung had offered to turn over to

8    Apple and Nokia." ECF No. 3135-17. On February 25, 2014, Nokia moved to compel Samsung

9    to "produce to Nokia all the documents the Court cited in its January 29, 2014 Order Granting

10   Motion for Sanctions for which the court has held privilege was waived (Dkt. No. 293[5] at 4

11   n.13), and all the documents the Court ordered produced in October 2013." ECF No. 2988 at 9.

12   Following an April 1, 2014 hearing on Nokia's motion to compel, Judge Grewal denied Nokia's

13   motion. ECF No. 3061; *see also* ECF No. 3075 (April 1, 2014 hearing transcript).

14         Requested Relief from Judge Grewal's Sanctions Order

15         On July 7, 2014, Samsung and Nokia filed motions seeking relief from portions of Judge

16   Grewal's Order on Sanctions. *See* ECF No. 3143 (setting briefing schedule). Among others,

17   Samsung filed a motion challenging Judge Grewal's ruling in the January 29, 2014 Sanctions

18   Order that Samsung waived privilege as to certain documents produced for *in camera* inspection

19   based on Samsung's offer to produce them to Apple and Nokia. ECF No. 3135. Also, Nokia

20   moved for relief from Judge Grewal's January 29, 2014 Sanctions Order, claiming that Nokia is

21   entitled to see the allegedly privileged documents that formed the basis for Judge Grewal's

22   sanctions rulings. ECF No. 3136.

23         The Court Awards Partial Relief and Remands for Privilege Determinations

24         On September 19, 2014, this Court granted Samsung's motion for relief, holding that

25   Samsung's prior unfulfilled offer to produce privileged documents did not itself operate as a

26

27   Case No. 11-CV-01846-LHK
     ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF
28   MAGISTRATE JUDGE

7

United States District Court
Northern District of California

1   waiver of any privilege or work-product protection applicable to those documents.  ECF No. 3194

2   at 8-9.  However, this Court also granted-in-part Nokia's motion for relief that Judge Grewal's *in*

3   *camera* review of Samsung's documents in this case could have raised due process concerns to the

4   extent the review was used to resolve an issue decided on the merits.  *Id.* at 11-13.  This Court also

5   held that Judge Grewal did not address (a) whether all of the documents submitted in camera were

6   in fact privileged and (b) all of Apple's and Nokia's arguments regarding Samsung's waiver of

7   any such privilege, and remanded so that Judge Grewal could decide those issues in the first

8   instance.  *See id.* at 12-13.

9       **C.    The Waiver Order**

10      Upon remand, on October 17, 2014, Apple and Nokia filed renewed motions to compel.

11  *See* ECF No. 3212; 3213.  Specifically, Apple sought to compel the production of seven

12  documents that Samsung had submitted to Judge Grewal and that Samsung had cited in defending

13  itself in the sanctions proceedings.  ECF No. 3212 at 4-5.  Nokia sought to compel the production

14  of all documents produced by Samsung for *in camera* review.  *See* ECF No. 3213 at 16-17.  Apple

15  and Nokia both argued that Samsung and Quinn Emanuel put the contents of these documents at

16  issue by relying on these documents to avoid sanctions, therefore any such privilege applicable to

17  these documents was waived.  *See, e.g.*, ECF Nos. 3212, 3213.

18      On April 3, 2015, Judge Grewal issued an Order Re: Motions to Compel (the "Waiver

19  Order"), which held that Samsung satisfied its burden to establish that each of the 279 tabbed

20  documents submitted by Samsung for *in camera* review was, as a whole, privileged.  ECF No.

21  3237 at 1.  The Order also held that "by placing the contents of the documents at issue,

22  distributing them and disclosing what they say and do not say in the sanctions proceedings,

23  Samsung waived that privilege."  *Id.* at 1-2.  Because Apple's Motion to Compel sought the

24  production of seven documents, Judge Grewal ordered that Samsung produce only those seven

25  documents to Apple.  *Id.* at 5, 16-17.

26

            8

Nokia's Motion to Compel, on the other hand, sought the production of each of the 279 tabbed documents. *Id.* at 5. Judge Grewal determined that Nokia, as a third-party to this litigation, was only entitled to receive those documents relevant to Samsung's breach of the protective order with respect to Nokia's confidential information. *Id.* at 16-17. Based on Judge Grewal's *in camera* review of each of the 279 tabbed documents, Judge Grewal determined that 92 of them were relevant to Nokia, and ordered Samsung to produce those 92 documents to Nokia. *Id.* These ninety-two documents "comprise the tabs cited by [Judge Grewal] in [his] sanctions order as well as Apple's requested seven documents." *Id.* at 16. Thus, out of the 279 documents submitted for *in camera* review, Judge Grewal found privilege to have been waived as to, and ordered disclosure of, 92 of them. *Id.* at 16-17.

Requested Relief From Judge Grewal's Waiver Order

On April 13, 2015, Samsung filed an administrative sealing motion (ECF No. 3245),[3] a request to file an 18-page motion seeking relief from Judge Grewal's Waiver Order (ECF No. 3245-2), an 18-page motion seeking relief from Judge Grewal's Waiver Order (ECF No. 3245-3), and 961 pages of exhibits (ECF Nos. 3245-5, 3245-6, 3245-7, 3245-8, and 3245-9).

On April 17, 2015, Samsung filed a five-page motion[4] seeking relief from Judge Grewal's Waiver Order. *See* ECF No. 3248; ECF No. 3247. On April 23, 2015, this Court set a briefing schedule. ECF No. 3249.[5] Later that day, Samsung refiled its 18-page Motion.[6] ECF No. 3250;

---

[3] Samsung's administrative sealing motion sought to seal Exhibits A and B to the Declaration of Robert Becher in support of Samsung's motion for relief from Judge Grewal's Waiver Order. *See* ECF No. 3245 at 2. Specifically, Samsung contended that Apple or Nokia "may consider portions of [Exhibits A or B to] the Declaration of Robert Becher in support of Samsung's Motion confidential." *Id.* Because Samsung is not the designating party, the requirements of Civil Local Rule 79-5(e) apply, and Apple or Nokia had to file "[w]ithin 4 days" "a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civil L.R. 79-5(e)(1). Neither Apple nor Nokia filed a response within four days of the filing of Samsung's motion, as required pursuant to Civil L.R. 79-5(e)(1) and Civil L.R. 7-11(b). Therefore, the Court hereby DENIES Samsung's sealing motion.
[4] Samsung filed the same 961 pages of exhibits publicly, including Exhibits A and B to Mr. Becher's declaration, with no redactions. *See* ECF No. 3248-2.
[5] Had the Court not set a briefing schedule by May 1, 2015, Samsung's motion would have been

9

Case No. 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF
MAGISTRATE JUDGE

1    ECF No. 3251.  On May 7, 2015, Apple and Nokia filed oppositions (ECF Nos. 3254, 3255), and

2    on May 14, 2015, Samsung filed replies to each opposition (ECF Nos. 3256, 3257).

3    **II.**      **LEGAL STANDARD**

4        **A.**      **Standard of Review**

5        While neither side disputes that Judge Grewal's Waiver Order is a nondispositive order,

6    the parties dispute the standard this Court should use to review Judge Grewal's order.  Samsung

7    argues that "[r]eview of privilege rulings is *de novo*."  Motion at 1.  Nokia responds that this Court

8    should apply a more deferential standard of review to Judge Grewal's Order.  ECF No. 3255 at 1-

9    2.  For the reasons explained below, this Court agrees with Nokia.

10        The district court may designate any nondispositive pretrial matter to be determined by a

11    magistrate judge, whose ruling on the matter will be modified or set aside only if "clearly

12    erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  "[A]ny motion

13    not listed [under § 636(b)(1)(A) ], nor analogous to a motion listed in this category, falls within

14    the non-dispositive group of matters which a magistrate may determine." *Maisonville v. F2 Am.,*

15    *Inc.*, 902 F.2d 746, 748 (9th Cir. 1990) (citations omitted).  In the instant case, Apple's and

16    Nokia's motions to compel (ECF Nos. 3212; 3213) clearly fall within the nondispositive group of

17    matters which a magistrate judge may determine.

18        In reviewing for clear error, the district judge may not simply substitute his or her

19    judgment for that of the magistrate judge. *See Grimes v. San Francisco*, 951 F.2d 236, 241 (9th

20    Cir. 1991).[7]  "Clear error is found when a reviewing court has a definite and firm conviction that a

21

22 _____

23    deemed denied. *See* Civil L.R. 72-2 ("If no order denying the motion or setting a briefing
schedule is made within 14 days of filing the motion, the motion shall be deemed denied.").
[6] Samsung again filed the same 961 pages of exhibits publicly, including Exhibits A and B to Mr.

24    Becher's declaration, with no redactions. *See* ECF No. 3251-2.
[7] On appeal, the Ninth Circuit uses the same standard to review this Court's denial of a motion to

25    reconsider. *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002) ("We review a district
court's denial of a motion to reconsider a magistrate's pretrial order under that same ['clearly

26    erroneous or contrary to law'] standard.")

                                         10

27    Case No. 11-CV-01846-LHK

     ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF

28    MAGISTRATE JUDGE

United States District Court
Northern District of California

1    mistake has been committed." *Lewis v. Ayers,* 681 F.3d 992, 998 (9th Cir. 2012) (quotation and

2    citation omitted).  Under this standard, if the magistrate judge's findings "are plausible in light of

3    the entire record, [the Court] may not reverse, even if [the Court] would have weighed the

4    evidence differently." *Id.*

5         Samsung cites Ninth Circuit authority holding that the waiver of attorney-client privilege is

6    a mixed question of law and fact that is reviewed on appeal *de novo.  See* ECF No. 3257.

7    However, none of the cases cited by Samsung modifies or overrules the clear Ninth Circuit

8    authority that "[p]retrial orders of a magistrate under 636(b)(1)(A) are reviewable under the

9    'clearly erroneous and contrary to law' standard; they are not subject to *de novo* determination."

10   *Grimes,* 951 F.2d at 241 (quoting *Merritt v. Int'l Broth. of Boilermakers*, 649 F.2d 1013, 1017 (9th

11   Cir. 1981)).  Accordingly, the Court will review Judge Grewal's order under the "clearly

12   erroneous or contrary to law" standard of review.  *Grimes*, 951 F.2d at 241.

13        Moreover, even if Samsung were correct that this Court must review Judge Grewal's

14   privilege rulings *de novo*, the outcome would be the same.  The Ninth Circuit has held "that

15   rulings on the scope of the privilege involve mixed questions of law and fact and are reviewable

16   *de novo*, unless the scope of the privilege is clear and the decision made by the district court is

17   essentially factual; in that case only clear error justifies reversal." *United States v. Laurins*, 857

18   F.2d 529, 541 (9th Cir. 1988).  In the instant case, the scope of the privilege is clear because the

19   parties do not challenge Judge Grewal's determination that the disputed documents were in-fact

20   privileged.  Furthermore, this Court's decision as to whether Samsung put at issue the contents of

21   the ninety-two privileged documents is a factual one.  Thus, only clear error justifies reversal.

22   *Laurins*, 857 F.2d at 541.  Accordingly, even under Samsung's cited authorities, Judge Grewal's

23   rulings are subject to clear error review.

24        **B.    Implied Waiver of Attorney-Client Privilege**

25        The proposition that a litigant waives the attorney-client privilege by placing the attorney's

26

27   Case No. 11-CV-01846-LHK

28   ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF
     MAGISTRATE JUDGE

11

performance at issue during the litigation has come to be identified as the "fairness principle." *See Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003). The rule dates back to at least *Hunt v. Blackburn*, 128 U.S. 464 (1888), where the U.S. Supreme Court stated: "When Mrs. Blackburn entered upon a line of defence which involved what transpired between herself and Mr. Weatherford [her lawyer], and respecting which she testified, she waived her right to object to his giving his own account of the matter." *Id.* at 470-71. "The principle is often expressed in terms of preventing a party from using the privilege as both a shield and a sword . . . . In practical terms, this means that parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials. The party asserting the claim is said to have implicitly waived the privilege." *Bittaker*, 331 F.3d at 719. Under the implied waiver doctrine, the "court thus gives the holder of the privilege a choice: If you want to litigate this claim, then you must waive your privilege to the extent necessary to give your opponent a fair opportunity to defend against it." *Id.* at 720.

"[A]n implied waiver of the attorney-client privilege occurs when (1) the party asserts the privilege as a result of some affirmative act, such as filing suit; (2) through this affirmative act, the asserting party puts the privileged information at issue; and (3) allowing the privilege would deny the opposing party access to information vital to its defense." *Home Indem. Co. v. Lane Powell Moss and Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995) (citing *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975)).

## III. DISCUSSION

### A. Implied Waiver of Attorney-Client Privilege

Judge Grewal's Waiver Order held that Samsung satisfied its burden to establish that each of the 279 tabbed documents submitted by Samsung for *in camera* review was, in fact, protected by the attorney-client privilege. Waiver Order at 7-9. Further, Judge Grewal, who both presided over the sanctions proceedings and reviewed each of the 279 documents submitted for *in camera*

12

*United States District Court*
*Northern District of California*

**A30**

1   review, found that Samsung's defenses in the sanctions proceedings put the contents of those

2   privileged documents at issue and ordered that Samsung produce 7 of the 279 documents to

3   Apple, and 92 to Nokia. *Id.* at 9-17. Specifically, Judge Grewal found that Samsung put the

4   contents of these documents at issue because Samsung "rais[ed] affirmative defenses about

5   inadvertence and whether Nokia's confidential information actually was used." *Id.* at 11. As to

6   the first point, Judge Grewal found that Samsung relied on privileged communications to argue

7   that there is no evidence that anyone deliberately shared information that should not be shared. *Id.*

8   Similarly, Judge Grewal found that Samsung also relied on privileged communications to argue

9   that Samsung never used Nokia's confidential information. *Id.* at 11-12.

10      Samsung argues that Judge Grewal's Order should be reversed for four primary reasons:

11   (1) Samsung did not put its privileged communications at issue, (2) there was no vital need to

12   pierce Samsung's privileges, (3) Judge Grewal failed to engage in a document-by-document

13   analysis, and (4) Judge Grewal failed to afford Samsung an opportunity to avoid waiver. Motion

14   at 6-11. Apple and Nokia disagree and contend that Judge Grewal's Waiver Order should be

15   affirmed. For the reasons stated below, this Court agrees with Apple and Nokia. Each of

16   Samsung's arguments is addressed in turn.

17                  **1.      Privileged Documents At Issue**

18      Judge Grewal's finding that Samsung's arguments during the sanctions proceedings put at

19   issue the contents of the privileged communications was not clearly erroneous. During the

20   sanctions proceedings, Samsung raised the following issues bearing upon the contents of

21   communications between Samsung and its attorneys: (1) whether any of the numerous protective

22   order violations were intentional (*see, e.g.*, ECF No. 2835-3 at 11-13; ECF No. 2807 at 13-15), (2)

23   whether any unauthorized recipient of confidential information used the information (*see, e.g.*,

24   ECF No. 2835-3 at 13-18), and (3) Quinn Emanuel's alleged compliance with the protective order

25   (ECF No. 2835-3 at 18-20). Samsung advanced these arguments through a variety of means: (a)

27   Case No. 11-CV-01846-LHK
     ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF
28   MAGISTRATE JUDGE

1   statements by Quinn Emanuel at hearings as to what was and was not communicated in the

2   privileged documents between Samsung and its in-house attorneys and outside counsel in this and

3   other unrelated litigations (*see, e.g.*, ECF Nos. 2883, 2581, 2485), (b) briefing by Quinn Emanuel

4   as to what was or was not sent or communicated in the privileged documents between Samsung

5   and its in-house attorneys and outside counsel in this and other unrelated litigations (*see, e.g.*, ECF

6   Nos. 2871, 2835, 2807), (c) the documents themselves submitted unredacted to the Court, but

7   provided to Apple and Nokia with redactions for attorney-client privileged material (*see, e.g.*, ECF

8   No. 2807), and (d) heavily-redacted declarations characterizing the contents of attorney-client

9   privileged material (*see, e.g.*, *id.*).

10      Judge Grewal found that Samsung affirmatively used the Wavier Documents as support for

11  Samsung's defenses that each of its protective order violations was inadvertent and that the leaked

12  confidential information was never used. *See* Waiver Order at 11. Samsung argues that these

13  defenses were not an "affirmative act" on behalf of Samsung and therefore Samsung was not the

14  party who put these privileged communications at issue. Motion at 7-9. According to Samsung, it

15  was simply responding to allegations made by Apple and Nokia. *Id.* Apple and Nokia respond

16  that Samsung originally put the contents of its privileged communications at issue. ECF No.

17  3254 at 5-6; ECF No. 3255 at 4-6.

18      Judge Grewal's finding that Samsung originally put the contents of the Waiver Documents

19  at issue is not clearly erroneous. Specifically, Samsung's response to Judge Grewal's Order to

20  Show Cause as to why sanctions should not be imposed first argued that inadvertence and lack of

21  use should excuse Samsung's conduct. *See* ECF No. 2835-3. Samsung sought to use the Waiver

22  Documents affirmatively to argue to Judge Grewal that sanctions should not be imposed, while at

23  the same time Samsung sought to shield Apple and Nokia from viewing the Waiver Documents on

24  the basis of privilege. Samsung sought to use these documents as both a sword and a shield. *See*

25  *Bittaker*, 331 F.3d at 719 ("[P]arties in litigation may not abuse the privilege by asserting claims

26

27  Case No. 11-CV-01846-LHK
    ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF
28  MAGISTRATE JUDGE

14

United States District Court
Northern District of California

the opposing party cannot adequately dispute unless it has access to the privileged materials.").

In opposing sanctions, Samsung characterized the nature and intent of its communications with outside counsel, discussing what, factually, was communicated and opining about the intent of the authors at the time the communications occurred. *See, e.g.*, ECF Nos. 2871, 2835, 2807. Indeed, Samsung affirmatively argued that it should not be subject to sanctions because its protective order violations were merely inadvertent. *See, e.g.*, ECF No. 2835-3 at 9-12. Samsung's arguments put at issue whether the violations of the protective order, e.g., Samsung's acquisition from Quinn Emanuel of confidential information belonging to Apple and Nokia and subsequent violations, were, in-fact, intentional. Samsung also earlier filed, *ex parte*, a motion with Judge Grewal that argued that the protective order violations were inadvertent. ECF No. 2757; *see also* ECF No. 2807 at 12-15. Although Judge Grewal ordered Samsung to file a redacted version so that Apple and Nokia could see what Samsung had filed, ECF No. 2790 at 2 ("Although the court agreed to undertake an in camera review of the documents over which Samsung asserted privilege, it never granted Samsung the authority to keep any argument to the court beyond the reach of the other parties."), a large part of the arguments concerning Samsung's intent remained redacted for privilege or cited to declarations that were, themselves, redacted for privilege. *See, e.g.*, ECF Nos. 2807 at 2-15 (and supporting declarations).[8]

Samsung also used its privileged communications to support its argument that neither Samsung nor Quinn Emanuel used Nokia's confidential information. *See, e.g.*, ECF No. 2835-3 at 13-18. Specifically, Samsung argued both that no transmission of the Teece Report was for the purposeful sharing of the insufficiently redacted confidential information and that Samsung's knowledge of any information in the insufficiently redacted Teece Report was actually obtained

---

[8] Samsung's *ex parte* arguments to Judge Grewal raised the issue of intent in support of Samsung's argument that the crime-fraud exception did not apply. ECF No. 2807 at 12-15. However, Samsung *also* put the same intent at issue when arguing to Judge Grewal that sanctions were not warranted because Samsung and Quinn Emanuel lacked the intent to violate the protective order.

15

Case No. 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF
MAGISTRATE JUDGE

1  through a source other than the insufficiently redacted Teece Report. *See, e.g., id.* Again, this

2  puts at issue the contents of the communications with those who had sent or received Nokia's

3  confidential information in violation of the protective order.

4       Finally, Samsung argued that Quinn Emanuel at all times complied with the protective

5  order. ECF No. 2835-3 at 18-20. This defense put at issue when Quinn Emanuel learned of the

6  breach, how it learned of the breach, and communications between Quinn Emanuel and Samsung

7  regarding the breach. *See id.*

8       For each issue, Samsung argued that there was "no evidence" to suggest anything other

9  than that each breach of the protective order was inadvertent and that none of the unauthorized

10  recipients used any ill-gotten confidential information. *See, e.g.,* ECF No. 3237 at 11-12 at n.53,

11  n.54. Without access to the documents Samsung put directly at issue, neither Apple nor Nokia

12  could evaluate whether Samsung's explanations and arguments lacked credibility or whether any

13  evidence submitted *in camera* conflicted with Samsung's explanations and arguments. Indeed,

14  when Judge Grewal questioned Samsung's counsel about inconsistencies in a Samsung

15  employee's deposition testimony, Samsung's counsel answered by referring Judge Grewal to

16  privileged communications that Nokia and Apple had not seen and could not adequately dispute.

17  *See* ECF No. 2883 at 23-24. Moreover, to say that the content of Samsung's privileged documents

18  was not "at issue" ignores the reality that Judge Grewal did, in fact, consider and cite these

19  privileged documents in his Sanctions Order. *See, generally,* Sanctions Order (referencing tab

20  numbers).

21       Upon review of the entire record, it is more than plausible that Samsung's affirmative

22  defenses during the sanctions proceedings put at issue the contents of the Waiver Documents.

23  *Lewis,* 681 F.3d at 998 (holding that if the magistrate judge's findings "are plausible in light of the

24  entire record, [the Court] may not reverse, even if [the Court] would have weighed the evidence

25  differently."). Samsung affirmatively used these Waiver Documents as support for its claims that

26

27  Case No. 11-CV-01846-LHK

ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF

28  MAGISTRATE JUDGE

16

United States District Court
Northern District of California

A34

1    Samsung's violations of the protective order were inadvertent and that no unauthorized recipient

2    of any confidential information used the information.  This Court is not left with a firm and

3    definite conviction that Judge Grewal was mistaken in finding that Samsung put the content of the

4    Waiver Documents at issue in the sanctions proceeding.  *Id.* ("Clear error is found when a

5    reviewing court has a definite and firm conviction that a mistake has been committed." (internal

6    quotation omitted)).  Therefore, under the standard of review applicable here, this Court does not

7    find that Judge Grewal's Waiver Order was clearly erroneous.  *Id.*

8         The Court's holding today does not mean that every alleged protective order violation will

9    necessarily result in a waiver of attorney-client privilege.  In this case, the protective order

10   violations were egregious and not properly remedied.  Specifically, in March 2012, Quinn

11   Emanuel posted an insufficiently redacted copy of the Teece Report, disclosing several of Apple's

12   confidential licensing terms, including those with Nokia and Ericsson, to an FTP site, and emailed

13   instructions for accessing the document to more than 90 Samsung employees.  ECF No. 2935 at 4.

14   The insufficiently redacted Teece Report was widely circulated within Samsung over the course of

15   several months, and more than 200 unauthorized individuals received the confidential license

16   terms in violation of the Court's protective order.  *Id.* at 5.

17        In December 2012, a senior associate at Quinn Emanuel again emailed the insufficiently

18   redacted Teece Report to Samsung.  *Id.*  After the report had been sent, however, a junior associate

19   at Quinn Emanuel discovered that the report had been insufficiently redacted.  *Id.*  The junior

20   associate reported this fact to the senior associate and a partner at Quinn Emanuel.  *Id.*  The senior

21   associate at Quinn Emanuel then told the recipient at Samsung to delete the email, and the

22   recipient deleted the email.  *Id.*  Quinn Emanuel did nothing further.  *Id.*

23        Two weeks later, in January 2013, Quinn Emanuel sent Samsung a "clean" copy of the

24   Teece Report along with an email chain that highlighted precisely where the confidential

25   information could be found in older versions of the document.  *Id.*  Subsequently, Samsung

26

27   Case No. 11-CV-01846-LHK
     ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF
28   MAGISTRATE JUDGE

17

United States District Court
Northern District of California

**A35**

1    internally discussed the terms of Apple's license with Ericsson in preparation for Samsung's

2    arbitration with Ericsson. *Id.* at 6.

3        In May 2013, Samsung emailed to Quinn Emanuel a copy of the insufficiently redacted

4    Teece Report. *Id.* Quinn Emanuel did nothing in response. *Id.*

5        On June 4, 2013, during negotiations between Samsung and Nokia, Samsung executive Dr.

6    Seungho Ahn recited to Nokia the terms of the Apple-Nokia license described in the Teece Report,

7    saying that he had learned the terms from Samsung's lawyers and that "all information leaks."[9] *Id.*

8    at 6.

9        On July 1, 2013, in Case No. 12-CV-630, Nokia moved for a protective order, alleging that

10   Samsung improperly used Nokia's confidential information during those licensing negotiations.

11   *See* Case No. 12-CV-630, ECF No. 647. More than two weeks after Nokia filed its motion, Quinn

12   Emanuel, on July 16, 2013, notified Nokia of the breach that Quinn Emanuel claims to have

13   known about since December 2012—that Samsung had been in possession of Nokia's confidential

14   information by way of the improperly redacted Teece Report. ECF No. 2935 at 15-17. Samsung

15   waited even longer (August 1, 2013) to inform Apple's outside counsel and still longer (August 4,

16   2013) to allow Apple's outside counsel to inform Apple about the breach. *See id.*

17       Faced with this scenario, Samsung and Quinn Emanuel made the strategic decision to

18   argue that each subsequent transmission of this information from March 2012 onward was

19   inadvertent and that none of the unauthorized recipients of Nokia's confidential information used

20   the information they received. Having embarked on that course, Samsung and Quinn Emanuel put

21   at issue each exchange of confidential information, the reason for its transmission, the intent of the

22   parties to each exchange, and the actions following its exchange. Accordingly, Judge Grewal's

23

24   _____

[9] Mr. Ahn later contended that the number he quoted to Nokia was really an estimate from public
25   information and that he was only joking about violating the protective order in this case. *See id.* at
     6. However, the insufficiently redacted Teece Report, in Samsung's possession since March 2012,
26   revealed the terms of the Apple-Nokia license. *Id.* at 4.

18

27   Case No. 11-CV-01846-LHK
     ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF
28   MAGISTRATE JUDGE

1 conclusion that Samsung and Quinn Emanuel waived privilege over the Waiver Documents was

2 not clearly erroneous.

3            **2.**      **Vital Need to Pierce Privilege**

4       Due process provided the vital need to pierce Samsung's privileges in this case.

5 Samsung's repeated arguments about the contents of privileged documents and what they did or

6 did not contain simply could not be tested by Apple or Nokia absent disclosure of the underlying

7 documents. Samsung argues that there was no "vital" need to pierce its privileges because Judge

8 Grewal reviewed the documents *in camera*. Motion at 7. This argument misses the point. Any *in*

9 *camera* review of Samsung's documents unfairly restricted Apple's and Nokia's evaluation of

10 Judge Grewal's rulings regarding the scope of Samsung's protective order violations and

11 appropriate sanctions. While a court may review documents *in camera* to assess the scope of a

12 privilege, the court may not rely on an *ex parte* and *in camera* review of documents to resolve an

13 issue on the merits. *See Lynn v. Regents of the Univ. of Cal.*, 656 F.2d 1337, 1346 (9th Cir. 1981).

14 The Ninth Circuit "has generally recognized the capacity of a district judge to fashion and guide

15 the procedures to be followed in cases before him," but "in our judicial system adversary

16 proceedings are the norm and *ex parte* proceedings the exception. *Meridian Int'l Logistics, Inc. v.*

17 *United States*, 939 F.2d 740, 745 (9th Cir. 1991) (quotation and citation omitted).

18       Moreover, Judge Grewal's order was narrowly tailored to protect both the vital need of

19 Samsung to maintain privileged information and the vital need of Apple and Nokia to access the

20 otherwise privileged materials. As to Apple, Judge Grewal granted Apple's motion compelling

21 the production of seven documents—documents cited by Judge Grewal in the Sanctions Order and

22 that Samsung had previously offered to produce to Apple. Waiver Order at 16-17. As to Nokia,

23 Judge Grewal only granted Nokia's motion to the extent that the documents were relevant to

24 Samsung's breach of the protective order with respect to Nokia's confidential information. Judge

25 Grewal found ninety-two such documents. *Id.* With this information, Nokia can then properly

26

19

27 Case No. 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF

28 MAGISTRATE JUDGE

United States District Court
Northern District of California

assess Samsung's claims that Nokia's confidential information was (a) never used or (b) never

intentionally distributed to those without authorization to view the information.  Thus, in sum,

Judge Grewal's Waiver Order compelling the waiver and production of ninety-two documents

does not leave this Court with a firm and definite conviction that a mistake has been made.

### 3. Document-by-document analysis

Samsung also faults Judge Grewal for failing to perform a document-by-document analysis

and "fail[ing] to even consider a more narrow waiver."  Motion at 14-15.

First, Samsung fails to cite any Ninth Circuit authority holding that Judge Grewal was

required to provide a document-by-document analysis.  *Id.*  In the only in-circuit district court case

cited by Samsung, the court expressly stated that its holding "does not mean that the Magistrate

must provide a separate analysis for each" document and instead held that "it is entirely

appropriate for the Magistrate to group the documents into categories of documents which raise

similar legal issues, and to address each group as a whole."  *United States v. Chevron Corp.*, No.

94-CV-1885, 1996 WL 264769, at *6 (N.D. Cal. Mar. 13, 1996).

Second, Samsung's argument ignores, entirely, the fact that Judge Grewal analyzed each

document individually and only ordered the disclosure of 92 of the 279 documents provided by

Samsung to Judge Grewal for *in camera* inspection.  *See* Waiver Order at 17.  After analyzing

each document individually, Judge Grewal denied Nokia's request to order Samsung to disclose

187 documents.  *See* ECF No. 3213 at 1.  Thus, Judge Grewal analyzed each document

individually and imposed a more narrow waiver than that sought by Nokia.

Samsung's arguments have failed to leave this Court with a definite and firm conviction

that a mistake had been made.

### 4. Opportunity to withdraw arguments to salvage privilege

The Court similarly rejects Samsung's argument that Samsung was entitled to avoid

waiver by retroactively withdrawing its arguments.  Samsung argues that it should be afforded an

20

Case No. 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF
MAGISTRATE JUDGE

United States District Court
Northern District of California

1   opportunity to withdraw any disclosures or arguments that are determined to yield a waiver.

2   Motion at 10.  For support, Samsung cites the Ninth Circuit's decision in *Bittaker*, 331 F.3d 715,

3   and this Court's decision in *Oracle America, Inc. v. Innovative Technology Distributors, LLC*, No.

4   11-CV-1043-LHK, 2011 WL 2559825 (N.D. Cal. June 28, 2011).  But those cases are inapposite.

5            In both *Bittaker* and *Oracle* the party was given a choice *ex ante*: "If you want to litigate

6   this claim, then you must waive your privilege to the extent necessary to give your opponent a fair

7   opportunity to defend against it."  *See Bittaker*, 331 F.3d at 720; *Oracle*, 2011 WL 259825, at *1-

8   2.  Neither *Bittaker* nor *Oracle* allowed a party to withdraw arguments after that party had already

9   advanced, and benefited from, the arguments.  In *Bittaker*, the issue was presented at the outset of

10  Mr. Bittaker's federal habeas case.  Mr. Bittaker had been convicted in state court of multiple

11  murders and was sentenced to death.  331 F.3d at 717.  In his federal habeas petition, Mr. Bittaker

12  asserted an ineffective assistance of counsel claim.  *Id.*  The district court found a narrow waiver

13  of privilege only to the extent necessary to litigate the federal habeas petition.  *Id.*  In *Bittaker*, the

14  issue was the scope of the privilege waiver on federal habeas review.  *Bittaker* in no way

15  addressed a *post-hoc* withdrawal of arguments that a party has already advanced and from which

16  the party has already benefited.

17           In *Oracle*, Oracle had filed a motion to disqualify counsel and sought permission to lodge

18  privileged documents for *in camera* review by this Court so that this Court could use the contents

19  of those documents as a basis for deciding the motion.  *Oracle*, 2011 WL 2559825, at *1.  This

20  Court denied the motion and held "[i]f Oracle wants the Court to consider the documents it

21  considers privileged in connection with the disqualification motion, then Oracle cannot, at the

22  same time, deny ITD access to the same materials."  *Id.* at *2.  "Otherwise, Oracle would obtain

23  the improper advantage of using the privileged documents as both shield and sword."  *Id.*  The

24  Court then indicated that if Oracle did, in fact, submit the documents for *in camera* review, the

25  Court would impose a waiver.  *Id.*

26

                                                                 21

27  Case No. 11-CV-01846-LHK
    ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF
28  MAGISTRATE JUDGE

In the instant case, Samsung has already submitted privileged documents for *in camera* review, already put the contents of these documents at issue, and already succeeded in avoiding greater sanctions. *See* ECF No. 2935 at 18. Samsung, having already benefited from its arguments to Judge Grewal about the contents of the privileged documents, cannot now seek to withdraw those arguments.

### 5. Conclusion

In sum, having reviewed Judge Grewal's Order, Samsung's motion, and the parties' submissions regarding the issues, the Court concludes that Judge Grewal's Order was neither "clearly erroneous" nor "contrary to law" and supports a finding of waiver as to the Waiver Documents. Fed. R. Civ. P. 72(a). The Court therefore concludes that Judge Grewal's holding of implied waiver was not clearly erroneous or contrary to law. Having found that Samsung waived privilege as to the Waiver Documents, the Court now turns to Samsung's remaining arguments regarding why Samsung should not be compelled to disclose these documents.

### B. Samsung's Remaining Arguments

Samsung's remaining arguments are that: (1) Judge Grewal's order fails to address work-product protection and the mediation privilege, (2) Samsung should not be required to produce third-party licensing information, and (3) Apple and Nokia waived their privilege challenges. Each is addressed in turn.

### 1. Work product protection and mediation privilege

Samsung argues that Judge Grewal's Waiver Order should be reversed for failure to address Samsung's claims of work-product protection and mediation privilege over the Waiver Documents. Motion at 15-16. For support, Samsung cites several out-of-circuit district court cases, none of which hold that when a party asserts multiple privilege protections over a single document, the party can waive certain privileges while maintaining others. *See id.* Indeed, courts in this district have held that "[i]f waiver occurs, it applies to both attorney-client privilege and

22

Case No. 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF
MAGISTRATE JUDGE

United States District Court
Northern District of California

1  work-product immunity" as well as any other privilege that might apply. *See, e.g.*, *Landmark*

2  *Screens, LLC v. Morgan, Lewis & Bockius LLP*, No. 08-02581, 2009 WL 3415375, at *2 (N.D.

3  Cal. Oct. 21, 2009) (citing *Bittaker*, 331 F.3d at 722 n.6).

4        Moreover, Samsung's argument asks this Court to allow Samsung to use the contents of

5  privileged documents as both a sword and a shield. A party in civil litigation cannot put the

6  contents of a document at issue and ask the Court to consider the contents of that document in

7  deciding an issue on the merits while at the same time shielding its adversary from also

8  considering the contents of that document. Litigating a case in that fashion is inconsistent with

9  both the adversary system and due process. *See, e.g.*, *Great Am. Assurance Co. v. Liberty Surplus*

10  *Ins. Corp.*, 669 F. Supp. 2d 1084, 1092 (N.D. Cal. 2009) (holding "waiver of attorney work-

11  product protection . . . requires an act inconsistent with the adversary system"). "Once a litigant

12  decides to affirmatively rely on privileged information thereby placing said information into issue

13  . . . any privilege that may attach is impliedly waived." *Shared Med. Resources, LLC v.*

14  *Histologics, LLC*, No. 12-CV-612, 2012 WL 5570213, at *4 (C.D. Cal. Nov. 14, 2012).

15        In the instant case, as explained above, it was unfair, and inconsistent with due process, for

16  Samsung to rely on documents that Apple and Nokia were shielded from viewing while Samsung

17  used those documents to argue to Judge Grewal that sanctions were unwarranted. *See also*

18  *Century Aluminum Co. v. AGCS Marine Ins. Co.*, 285 F.R.D. 468 (N.D. Cal. 2012) (granting

19  motion to compel because defendant, through its selective disclosures, waived any privileges

20  attached to its coverage counsel's communications about defendant's weather investigation).

21  Thus, having put the contents of the Waiver Documents at issue in litigation, Samsung cannot rely

22  on any applicable privilege to shield those documents from Apple and Nokia.

23        Samsung's arguments have failed to leave this Court with a definite and firm conviction

24  that a mistake had been made.

25

26                              23

27  Case No. 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF

28  MAGISTRATE JUDGE

*United States District Court*
*Northern District of California*

### 2.   Third-party license information

Samsung also argues that some of the documents contained within the ninety-two that Judge Grewal ordered Samsung to produce to Nokia "refer to licenses with third-parties" "that Nokia is 'not entitled' to obtain." Motion at 17.  Judge Grewal reviewed each of the 279 documents submitted by Samsung for *in camera* review and determined that 92 of them were relevant to Samsung's breach of the protective order with respect to Nokia's confidential information.  *See* ECF No. 3237 at 17.  Moreover, Nokia is bound by the Protective Order in this case.  ECF No. 3237 at 7 n. 30; ECF No. 2434 at 2.  Because Judge Grewal has found the ninety-two documents relevant to Nokia, and Nokia is bound by the protective order, Samsung has failed to establish that Judge Grewal's finding was clearly erroneous.  Accordingly, Samsung's argument that Nokia is not entitled to obtain the compelled disclosure lacks merit.

### 3.   Waiver

Finally, Samsung claims that Apple and Nokia have not properly preserved their right to argue that Samsung waived privilege over the Waiver Documents because both parties failed to assert these arguments following Judge Grewal's Sanctions Order.  Motion at 17-18.  Apple and Nokia respond that this Court previously rejected this same claim by Samsung.  ECF No. 3254 at 11; ECF No. 3255 at 17.  This Court agrees with Apple and Nokia.  This issue was briefed the last time Samsung sought relief from this Court from Judge Grewal's Sanctions Order.  In deciding Samsung's prior motion, this Court determined that the arguments raised by Apple and Nokia "have all been previously presented to Judge Grewal" and that "Judge Grewal has not accepted or rejected these arguments."  ECF No. 3194 at 9-10 n.6.  This Court then remanded to Judge Grewal for the express purpose of deciding these issues.  *Id.* at 13 ("Upon remand, Nokia may seek determination from Judge Grewal on the questions of privilege as to the Samsung documents reviewed *in camera* and whether Nokia should receive access to any of those materials.").  That is what Judge Grewal did.  Apple and Nokia have not waived these arguments, just as Judge Grewal held when he rejected Samsung's identical argument in the Waiver Order: "Because the parties

24

Case No. 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF
MAGISTRATE JUDGE

1  raised their arguments during the original sanctions proceedings, and the district judge expressly

2  ordered the court to consider and address those same arguments again, the court does not agree

3  with Samsung's characterization that Apple and Nokia have waived their privilege challenges."

4  ECF No. 3237 at 5 n. 22.  Accordingly, this argument, which Samsung raises unsuccessfully for at

5  least the third time, fails to leave this Court with a firm and definite conviction that a mistake has

6  been made.

7  **IV.  CONCLUSION**

8        For the foregoing reasons Samsung's Motion is hereby DENIED.

9  **IT IS SO ORDERED.**

10

11  Dated: June 19, 2015

12  LUCY H. KOH
      United States District Judge

13

*United States District Court*
*Northern District of California*

25

27  Case No. 11-CV-01846-LHK
ORDER DENYING SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF
28  MAGISTRATE JUDGE

## **<u>PROOF OF SERVICE</u>**

The undersigned hereby certifies that on October 21, 2015, I caused the foregoing BRIEF FOR DEFENDANTS-APPELLANTS to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Kathleen M. Sullivan
Kathleen M. Sullivan
*Attorney for Defendants-Appellants*

## <u>CERTIFICATE OF COMPLIANCE</u>

Counsel for Defendants-Appellants hereby certifies that:

1.      The brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B)(i) because exclusive of the exempted portions it contains 9,970 words as counted by the word processing program used to prepare the brief; and

2.      The brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared using Microsoft Office Word 2013 in a proportionately spaced typeface:  Times New Roman, font size 14.


Dated:  October 21, 2015                    /s/ Kathleen M. Sullivan
                                            Kathleen M. Sullivan
                                            Attorney for Defendants-Appellants